**EXHIBIT A to
THE COCA-COLA COMPANY'S MOTION FOR LEAVE TO FILE SUR-REPLY
BRIEF TO RESPOND TO A NEW ISSUE OF UNSETTLED LAW RAISED IN
PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

**CASE NO. C-1-02-393**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE COCA-COLA COMPANY, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. C-1-02-393 <br><br> Hon. Walter Herbert Rice (Chief Judge) <br> Hon. Sharon L. Ovington (Magistrate) |

### THE COCA-COLA COMPANY'S SUR-REPLY BRIEF TO A NEW ISSUE OF UNSETTLED LAW RAISED IN PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Roger J. Makley
Trial Attorney (Reg. No. 0018702)
COOLIDGE, WALL, WOMSLEY &
LOMBARD CO., L.P.A.
33 West First Street, Suite 600
Dayton, Ohio 45402
Telephone: (937) 223-8177
Facsimile: (937) 223-6705

Date: October 6, 2003

Of Counsel:

Donald R. Dunner, Esq.
Gerald F. Ivey, Esq.
Christopher P. Isaac, Esq.
Robert L. Burns, Esq.
Christopher W. Day, Esq.
Michele L. Mayberry, Esq.
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street, N.W., Suite 700
Washington, DC 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400



EXHIBIT
A

Michael J. Kline, Esq.
Michael V. Kruljac, Esq.
The Coca-Cola Company
P.O. Box 1734
Atlanta, GA  30301
Telephone:  (404) 676-3162
Facsimile:  (404) 676-7636

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

    I.     P&G'S ESSENTIAL MOTIVATION FOR BELATEDLY ALLEGING WILLFULNESS IS BASED ON A THINLY DISGUISED INTEREST IN SEEING COCA-COLA'S PRIVILEGED LEGAL ADVICE OR IMPOSING AN ADVERSE INFERENCE AGAINST IT AT TRIAL. ..................................... 1

    II.    THE MERE EXISTENCE OF A LEGAL OPINION CANNOT JUSTIFY P&G'S FAILURE TO TIMELY PLEAD WILLFUL INFRINGEMENT. ............. 3

CONCLUSION ...................................................................................................................... 5

i

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Crosby v. U.S. Department of Labor,*
  53 F.3d 338 (9th Cir. 1995) ................................................................................2

*Kloster Speedsteel AB v. Crucible Inc.,*
  793 F.2d 1565 (Fed. Cir. 1988) ........................................................................1, 2

*Knorr-Bremse Systeme Fuer Natzfahrzeuge Gmbh v. Dana Corp.,*
  Slip. Op. 01-1357 (Fed. Cir. Sept. 26, 2003) ........................................................2

*L.A. Gear v. Thom McAn Shoe Co.,*
  988 F.2d 117 (Fed. Cir. 1993) ..........................................................................1, 2

*Nabisco, Inc. v. PF Brands, Inc.,*
  191 F.3d 208 (2d Cir. 1999) .................................................................................2

**FEDERAL STATUTES**

35 U.S.C. § 284 ............................................................................................................3

FED. R. CIV. P. 15 .....................................................................................................1, 4

**SECONDARY AUTHORITY**

Deborah S. Bartel, *Drawing Negative Inferences Upon A Claim Of The Attorney-Client
  Privilege,* 60 BROOK. L. REV. 1355 (1996) ......................................................3, 4

Paul R. Rice, *Attorney-Client Privilege In the United States,*
  § 10:8 (2nd Ed. 2003) ..........................................................................................3

John F. Lynch, *Risky Business: Coping With A Charge Of Willful Infringement,*
  4 SECONDA CONF. J. 31 (2003) ............................................................................3

## INTRODUCTION

The Coca-Cola Company ("Coca-Cola"), through counsel, respectfully submit this Sur-Reply Brief to respond to a new issue of unsettled law raised in Plaintiff's Memorandum In Support Of Motion For Leave To File Second Amended Complaint.

## ARGUMENT

### I. P&G'S ESSENTIAL MOTIVATION FOR BELATEDLY ALLEGING WILLFULNESS IS BASED ON A THINLY DISGUISED INTEREST IN SEEING COCA-COLA'S PRIVILEGED LEGAL ADVICE OR IMPOSING AN ADVERSE INFERENCE AGAINST IT AT TRIAL.

P&G's Supporting Memorandum reveals that the central motivation for belatedly alleging willfulness in this case is to deploy the so-called "adverse inference of willfulness" in patent infringement cases against Coca-Cola to leverage the waiver of the attorney-client privilege concerning advice it has received from counsel in the context of reviewing relevant patents. P&G's only professed justification for this tactic is its circular theory that Coca-Cola's decision to claim privilege over legal advice creates an inference of willfulness, which, in turn, provides P&G with the requisite good faith basis for belatedly alleging willfulness at this late stage.

In support of this theory, P&G relies heavily upon the opinions in *L.A. Gear v. Thom McAn Shoe Co.*[1] and *Kloster Speedsteel AB v. Crucible Inc.*[2] In fact, however, neither of these opinions stands for the proposition that the existence under current law of a potential adverse inference of willfulness excuses an untimely attempt to allege willfulness under FED. R. CIV. P. 15. Instead, the courts in *L.A. Gear* and *Kloster* concluded that an adverse inference of

---

[1] 988 F.2d 117, 1126 (Fed. Cir. 1993).
[2] 793 F.2d 1565, 1580 (Fed. Cir. 1988).

willfulness was only appropriate at trial <u>after</u> the accused infringers had asserted the defense of good faith reliance upon the advice of counsel.[3]

On September 26, 2003, the Federal Circuit issued an order in *Knorr-Bremse Systeme Fuer Natzfahrzeuge Gmbh v. Dana Corp.*,[4] to reconsider *en banc* "its precedent concerning the drawing of adverse inferences, with respect to willful patent infringement, based on the actions of the party charged with infringement in obtaining legal advice, and withholding that advice from discovery."[5] While no one can predict the result of *en banc* review, well reasoned and respected commentary have raised questions that previous rulings, which support the almost reflexive imposition of the adverse inference, struggle to answer.

In fact, the notion that a negative inference of willfulness is warranted by a claim of the attorney-client privilege has been heavily criticized as being contrary to privilege law in general.[6] As one commentator recently noted:

> The jurisprudence concerning willful infringement and the requirement imposed upon defendants to divulge attorney opinions to negate a willfulness charge and avoid the inference of a nonexistent or negative opinion has evolved to be generally debilitating to the litigation process and totally corrosive to the attorney-client relationship in patent cases. Without any obligation on the patent owner to

---

[3] See *L.A. Gear*, 988 F.2d at 1126 (stating that the accused infringer "relied on its counsel's obligations under Rule 11 . . . to support its assertion that it had a good faith belief in the invalidity and unenforceability of the" patent-in-dispute); *Kloster*, 793 F.2d at 1577-80 (noting that the advice of counsel defense was necessarily placed at issue).

[4] Slip. Op. 01-1357 at 3 (Fed. Cir. Sept. 26, 2003) (identifying the opinion in *Kloster*, 793 F.2d 1565, 1580 (Fed. Cir. 1988), which P&G's Supporting Memorandum heavily relies upon, as being subject to reconsideration).

[5] *Id.* at 3 (inviting the parties and *amicus curiae* to submit briefs on, *inter alia*, the issue of "[w]hen the attorney-client privilege and/or work product privilege is invoked by a defendant in an infringement suit, is it appropriate for the trier of fact to draw an adverse inference with respect to willful infringement?").

[6] See, e.g., *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 226 (2d Cir. 1999) (stating that an adverse inference would undermine the objective of the attorney-client privilege by discouraging the full and frank exchange of legal advice); *Crosby v. U.S. Dept. of Labor*, 53 F.3d 338 (9th Cir. 1995) ("[I]t is not appropriate to draw adverse inferences from the failure to produce documents protected by the attorney-client . . . privilege.").

2

provide threshold evidence to support the allegation, willful infringement becomes 'a theory in search of facts.'[7]

The Court's decision to review the issue should be factored in determining whether P&G has good grounds to explain its substantial delay in seeking to amend its complaint. It should also factor into consideration of whether the reflexive use of adverse inferences in the context of willfulness allegations will remain, if at all, the same as it has been over the past several years.

## II.    THE MERE EXISTENCE OF A LEGAL OPINION CANNOT JUSTIFY P&G'S FAILURE TO TIMELY PLEAD WILLFUL INFRINGEMENT.

P&G bears the burden of identifying at least some <u>factual</u> foundation for trying to amend its Complaint at the eleventh hour to bring a charge of willfulness.[8] At <u>no</u> time has Coca-Cola sought to introduce or rely upon advice of counsel as grounds for any pending issue in this case. P&G agues that the mere existence of legal advice is "highly relevant" in attempting to justify a filing well outside the Court's deadline, but this is simply erroneous. (*See* P&G's Supporting Mem. at 4.) P&G has offered no explanation as to <u>how</u> it believes that the mere fact of an attorney-client consultation -- which is hardly unexpected of corporations the size and sophistication of Coca-Cola and P&G -- somehow serves as a watershed event in this case.

It bears emphasizing that the exercise of a claim of privilege is a procedural event, not a proof of fact.[9] It says either nothing about the facts in dispute or suggests rather weakly that some confidential legal advice is withheld to the extent necessary to allow an independent

---

[7]    John F. Lynch, *Risky Business: Coping With A Charge Of Willful Infringement*, 4 SECONDA CONF. J. 31 (2003) (quoting Ira Heffran, *Willful Patent Infringement*, 7 FED. CIR. BAR. J. 115, 140 (1997)). The Patent Litigation Committee of the American Intellectual Property Law Association has also recently recommended amending 35 U.S.C. § 284 to "remove the so-called negative inference from a defendants 'failure' to obtain or refuse to produce a competent opinion of counsel." American Intellectual Property Law Association Bulletin at 242 (2003).

[8]    *See* Paul R. Rice, *Attorney-Client Privilege In the United States* §10:8 at 3 (2nd Ed. 2003) ("Disproving . . . willfulness in a patent infringement action is not the responsibility of the client whose communications are sought.").

[9]    *See, e.g.,* Deborah S. Bartel, *Drawing Negative Inferences Upon A Claim Of The Attorney-Client Privilege*, 60 BROOK. L. REV. 1355, 1400-07 (1996).

3

assessment of the applicability of the privilege itself. It is wrong to infer that the mere fact that a corporation seeks legal advice necessarily means that the withheld information is unfavorable.[10] Against time honored principles of the attorney-client relationship, a patent case is, for the moment, the only area of law where such an argument is routinely articulated.

In this case, the valid assertion of attorney-client privilege suggests only that information and advice were communicated. The fact that legal communications occurred between Coca-Cola and its legal counsel is not germane to P&G's obligation to meet the requirements of the Court's Scheduling Order, and further does not provide any proof that the communications consisted of unfavorable advice. The procedural event of a claim of attorney-client privilege should not be treated as an event of evidentiary significance. P&G has simply failed to identify any "newly-discovered" facts to support a claim of willfulness brought at this late juncture without support under the Court's Scheduling Order under FED. R. CIV. P. 15.

---

[10]   *See id.* at 1406.

## **CONCLUSION**

For the foregoing reasons, Coca-Cola respectfully requests that the Court deny P&G's Motion For Leave To File A Second Amended Complaint.

Dated: October 8, 2003

By: _____
Donald R. Dunner, Esq. (admitted *pro hac vice*)
Gerald F. Ivey, Esq. (admitted *pro hac vice*)
Christopher P. Isaac, Esq. (admitted *pro hac vice*)
Robert L. Burns, Esq. (admitted *pro hac vice*)
Christopher W. Day, Esq. (admitted *pro hac vice*)
Michele L. Mayberry, Esq. (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street, N.W., Suite 700
Washington, DC 20005-3315
Telephone:    (202) 408-4000
Facsimile:    (202) 408-4400
e-mail:    michele.mayberry@finnegan.com

Roger J. Makley
Trial Attorney (Reg. No. 0018702)
COOLIDGE, WALL. WOMSLEY & LOMBARD
33 West First Street, Suite 600
Dayton, Ohio 45402
Telephone:    (937) 223-8177
Facsimile:    (937) 223-6705

Michael J. Kline, Esq.
Michael V. Kruljac, Esq.
The Coca-Cola Company
P.O. Box 1734
Atlanta, GA 30301
Telephone:    (404) 676-3162
Facsimile:    (404) 676-7636