UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) ) Plaintiff/Counterclaim- ) Defendant, ) v. ) ) THE COCA-COLA COMPANY, ) ) Defendant/Counterclaim- ) Plaintiff. ) ) | CIVIL ACTION NO. C-1-02-393 Chief Judge Walter Herbert Rice Hon. Sharon L. Ovington (Magistrate) |

**OPPOSITION TO COCA-COLA COMPANY'S MOTION FOR LEAVE TO FILE SURREPLY BRIEF IN FURTHER OPPOSITION TO PROCTER & GAMBLE COMPANY'S MOTION TO AMEND**

The Procter & Gamble Company ("P&G") files this opposition to The Coca-Cola Company's ("Coca-Cola") misleadingly titled motion to file a surreply brief "to respond to a new issue of unsettled law." While P&G ordinarily would not oppose a legitimate motion to file a surreply, it does so in this instance because Coca-Cola has failed to establish the "good cause" required for filing of such briefs in this District. *See* Local Rule 7.2(a)(2).

Although Coca-Cola's stated "good cause" for filing its motion is the Federal Circuit's recent issuance of a Federal Circuit *per curiam* procedural order in *Knorr-Breme Systeme Fuer Natzfahzeuge Gmbh v. Dana Corp*, ___ F.3d ___, 2003 WL 22221168 (Fed. Cir. Sept 26, 2003), that order is legally irrelevant to the issues before the Court in P&G's Motion for Leave to File a Second Amended Complaint. The Federal Circuit's decision to review a decision *en banc* has absolutely no bearing on P&G's pending motion to amend its complaint. On the contrary, the Federal Circuit's order merely invites the parties and other interested persons to submit briefs concerning the issue of whether it is appropriate for the trier of fact to draw an adverse inference

with respect to willful infringement where an accused infringer obtained legal advice but withholds it during discovery. This is a far cry from a decision on the merits; the Federal Circuit can either affirm, vacate, or remand the *Knorr* decision. Thus, contrary to Coca-Cola's assertions, the *Knorr* order does not cast doubt on the validity of any Federal Circuit precedent or create "a new issue of unsettled law". *See* Coca-Cola's Motion To File Sur-Reply, Ex A. at 1.

Moreover, notwithstanding the stated purpose of its brief, Coca-Cola devotes the majority of its brief to rehashing arguments that were or could have been made in its earlier Opposition. Indeed, in its three and a half page brief, Coca-Cola devotes **two sentences** to the *Knorr* order. The remainder of the brief is filled with citations to cases and commentators that **predate** Coca-Cola's Opposition to P&G's Motion To Amend and repetition of arguments raised in its Opposition. *Compare* Coca-Cola's Opposition at 4-7 (stating that P&G's motion is untimely and that learning of existence of legal opinion cannot justify delay), *with* Coca-Cola's Motion To File Sur-Reply, Ex. A at 3-4 (same).

For these reasons, P&G respectfully requests that the Court deny Coca-Cola's Motion for Leave to File Surreply Brief.

Respectfully submitted,

**THE PROCTER & GAMBLE COMPANY**

By its attorneys,

/s/ Mark A. Vander Laan
Mark A. Vander Laan
Trial Attorney (Reg. No. 0013297)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202-3172
(513) 977-8200

>William F. Lee (admitted *pro hac vice*)
>David B. Bassett (admitted *pro hac vice*)
>Vinita Ferrera (admitted *pro hac vice*)
>Hale and Dorr LLP
>60 State Street
>Boston, Massachusetts 02109
>(617) 526-6000

Dated: October 15, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following this ___ day of October, 2003:

**Electronically Served via E-Mail by the Court:**

Roger J. Makley, Esq.
Coolidge, Wall, Womsley & Lombard Co., L.P.A.
33 West First Street, Suite 600
Dayton, OH 45402

**FEDERAL EXPRESS**

Donald R. Dunner, Esq.
Gerald F. Ivey, Esq.
Christopher P. Isaac, Esq.
Robert L. Burns, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
1300 I Street, N.W., Suite 700
Washington, D.C. 20005-3315


/s/ Mark A. Vander Laan