**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

EXHIBIT

B

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| THE COCA-COLA COMPANY, | ) |
| | ) |
| Defendant/Counterclaim-Plaintiff. | ) |
| | ) |

Civil Action No.:  C-1-02-393

Hon. Walter Herbert Rice (C.J.)
Hon. Michael R. Merz
(Magistrate)

**May 30, 2003**

## PRIVILEGE LOG

*The Procter & Gamble Co. v. The Coca-Cola Co., Civil Action No. C-1-02-393*
The Coca-Cola Co.'s Privileged Documents Log Produced on 5/30/2003

| Bates Range | Document Date | Author(s) | Recipient(s) | Basis For Privilege | Type Of Privilege |
|---|---|---|---|---|---|
| P0001 | 4/13/1993 | A. Puri | J. DeLeon<br>A. Ling<br>W. Lee<br>L. Metcalf<br>T. Maculan<br>R. Kalala<br>R. San Miguel | Confidential email correspondence between employees and in-house counsel of The Coca-Cola Company and The Minute Maid Company (collectively "Coca-Cola"). The purpose of this document is to request and facilitate legal advice concerning a potential infringement investigation of a Coca-Cola patent. Because this document contains confidential information shared between Coca-Cola's employees and in-house counsel for the purpose of requesting and facilitating legal advice concerning a potential patent infringement investigation of a Coca-Cola patent, it is protected from discovery by the attorney-client privilege. See generally *Upjohn Co. v. United States*, 449 U.S. 383, 390-97 (1981); *In re Spalding Sports Worldwide*, 203 F.3d 800, 806 (Fed. Cir. 2000); *Long v. Anderson Univ.*, 204 F.R.D. 129, 133 (S.D. Ind. 2001); *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 253-55 (N.D. Ill. 2000); *SmithKline Beecham v. Apotex Corp.*, 193 F.R.D. 530, 537-38 (N.D. Ill. 2000); *Wilstein v. San Tropai Condominium Master Assoc.*, 189 F.R.D. 371, 379-81 (N.D. Ill. 1999); *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 176-78 (S.D. Ohio 1992); *John Labatt, Ltd. v. Molson Breweries*, 898 F. Supp. 471, 474 (E.D. Mich. 1995); *Eutectic Corp. v. Metco, Inc.*, 180 U.S.P.Q. 570, 573 (E.D.N.Y. 1973). | Attorney-client ("A/C") |
| P0002 – P0022 | 2/18/1988 | W. Lee<br>A. Breneisen | W. Brooks<br>A. Clark<br>G. Jackson<br>F. Meyer<br>A. Puri<br>J. Touchstone<br>C. Varsel<br>M. Gollin | Confidential interoffice memorandum with attached letter prepared by Coca-Cola's in-house counsel, W. Lee, and Coca-Cola's external counsel, A. Breneisen, and received by Coca-Cola employees, and other Coca-Cola in-house counsel, G. Jackson and J. Touchstone. The purpose of these documents is to relay legal advice and analysis concerning a potential patent infringement investigation from Coca-Cola's external counsel. Because these documents contain confidential information shared between Coca-Cola's in-house counsel, employees, and external counsel for the purpose of providing legal advice and analysis concerning a potential patent infringement investigation | A/C |

*The Procter & Gamble Co. v. The Coca-Cola Co., Civil Action No. C-1-02-393*
The Coca-Cola Co.'s Privileged Documents Log Produced on 5/30/2003

| Bates Range | Document Date | Author(s) | Recipient(s) | Basis For Privilege | Type Of Privilege |
|---|---|---|---|---|---|
| P0028 – P0029 | 5/20/1982 | C. Varsel | E. Kully<br>A. Clark<br>J. Mower<br>J. Parker<br>D. Sauer<br>J. Touchstone | Confidential interoffice memorandum exchanged between Coca-Cola's employees and in-house counsel. The memorandum contains legal advice from Coca-Cola's in-house counsel regarding statutory requirements for petitioning the FDA for a temporary test-marketing permit. Because this memorandum contains confidential information shared among Coca-Cola's employees and in-house counsel for the purpose of summarizing and relaying legal advice from Coca-Cola's in-house counsel regarding statutory requirements for petitioning the FDA for a temporary test marketing permit, it is protected from discovery by the attorney-client privilege. *See, e.g., Upjohn, 449 U.S. at 390-97; McCook, 192 F.R.D. at 253-55.* | A/C |
| P0030 – P0031 | 4/27/1988 | W. Lee | A. Nelson<br>A. Puri<br>J. Clark<br>C. Varsel | Confidential letter with attached memorandum exchanged between Coca-Cola's in-house counsel, W. Lee, Coca-Cola's outside counsel, A. Nelson, and a Coca-Cola employee, A. Puri. The purpose of the letter is to request legal advice concerning strategy for seeking patent protection based on an analysis of the prior art, and a potential patent infringement investigation. The purpose of the attached memorandum is to memorialize and relay legal advice and analysis of the prior art performed at the direction of Coca-Cola's in-house counsel. Because these documents contain confidential information shared between Coca-Cola's in-house and external counsel for the purpose of requesting legal advice and analysis concerning a potential patent infringement based on existing patent law, they are protected from discovery by the attorney-client privilege. *See, e.g., Upjohn, 449 U.S. at 390-97; Spalding, 203 F.3d at 806; McCook, 192 F.R.D. at 253-55; Smithkline, 193 F.R.D. at 537-38.* | A/C |
| P0032 | 3/22/1988 | W. Lee | A. Kirchhofer<br>A. Clark<br>A. Puri | Confidential interoffice memorandum prepared by Coca-Cola's in-house counsel, W. Lee, and received by Coca-Cola employees. The purpose of this memorandum is to | A/C |

*The Procter & Gamble Co. v. The Coca-Cola Co., Civil Action No. C-1-02-393*
The Coca-Cola Co.'s Privileged Documents Log Produced on 5/30/2003

| Bates Range | Document Date | Author(s) | Recipient(s) | Basis For Privilege | Type Of Privilege |
|---|---|---|---|---|---|
| P0128 | 5/24/1988 | W. Lee | A. Clark<br>A. Puri | Confidential interoffice memorandum exchanged between Coca-Cola's in-house counsel, W. Lee, and employees. The purpose of this memorandum is to provide legal advice concerning foreign patent filing strategy in light of existing law, and request instructions for securing foreign patent protection. Because this memorandum contains confidential information shared between Coca-Cola's in-house counsel and employees for the purpose of providing legal advice concerning foreign patent filing strategy in light of existing law, and requesting instructions for securing foreign patent protection, it is protected from discovery by the attorney-client privilege. *See, e.g., McCook*, 192 F.R.D. at 253-55. | A/C |
| P0129 – P0132 | 2/16/1988 | A. Puri | W. Lee<br>A. Clark<br>J. DeLeon<br>C. Varsel | Confidential interoffice memorandum prepared by a Coca-Cola employee at the direction of Coca-Cola's in-house counsel, W. Lee, and received by Coca-Cola employees. The purpose of this memorandum is to facilitate legal advice concerning strategy for seeking patent protection based on a patentability and potential patent infringement analysis performed under the direction of Coca-Cola's in-house counsel, W. Lee. Because this memorandum contains confidential information shared between Coca-Cola's in-house counsel and employees for the purpose of facilitating and relaying legal advice and analysis regarding strategy for securing Coca-Cola's legal right to the broadest scope of patent protection allowable under existing law, as well as a potential patent infringement investigation, it is protected from discovery by the attorney-client privilege. *See, e.g., Upjohn*, 449 U.S. at | A/C |

Continued (from P0128 row): application and strategy for seeking patent protection, they are protected from discovery by the attorney-client privilege. *See, e.g., Upjohn*, 449 U.S. at 390-97; *Spalding*, 203 F.3d at 806; *McCook*, 192 F.R.D. at 253-55.

*The Procter & Gamble Co. v. The Coca-Cola Co., Civil Action No. C-1-02-393*
The Coca-Cola Co.'s Privileged Documents Log Produced on 5/30/2003

| Bates Range | Document Date | Author(s) | Recipient(s) | Basis For Privilege | Type Of Privilege |
|---|---|---|---|---|---|
| P0133 – P0140 | 4/15/1988 | A. Puri | W. Lee A. Clark C. Varsel | Confidential memorandum with handwritten notations exchanged between a Coca-Cola employee and Coca-Cola's in-house counsel, other employees, and outside counsel. The purpose of this memorandum is to memorialize a patentability analysis performed at the request of Coca-Cola's in-house counsel and facilitate legal advice concerning Coca-Cola's strategy for seeking patent protection, and a potential patent infringement investigation. Because this memorandum contains confidential information shared between Coca-Cola's employees, in-house counsel, and outside counsel for the purpose of memorializing a patentability analysis performed at the request of Coca-Cola's in-house counsel, and facilitating legal advice and analysis concerning strategy for securing patent protection and a potential patent infringement investigation in light of existing patent law, it is protected from discovery by the attorney-client privilege. See, e.g., Upjohn, 449 U.S. at 390-97; Spalding, 203 F.3d at 806; McCook, 192 F.R.D. at 253-55; Smithkline, 193 F.R.D. at 537-38; John Labatt, 898 F. Supp. at 474; Eutectic Corp., 180 at 573. | A/C |
| P0141 – P0143 | 1/7/1988 | M. Taylor | G. Jackson A. Puri A. Kirchhofer A. Clark J. DeLeon | Confidential interoffice memorandum exchanged between Coca-Cola's outside counsel, M. Taylor, and in-house counsel, J. Touchstone. The purpose of this memorandum is to relay legal advice concerning strategy for the marketing, manufacture, and sale of a new product in light of existing FDA regulations. Because this memorandum contains confidential information shared between Coca-Cola's employees and in-house counsel for the purpose of seeking legal advice regarding strategy for complying with regulatory guidelines for the marketing, manufacture, and sale of a | A/C |