**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**
*Western Division*

|   |   |   |
|---|---|---|
| THE PROCTER & GAMBLE COMPANY, ) ) | ) |   |
| Plaintiff, | ) ) |   |
| v. | ) ) | Civil Action No. C-1-02-393 |
| THE COCA-COLA COMPANY, | ) ) | Chief Judge Walter Herbert Rice |
| Defendant. | ) ) ) | Hon. Sharon L. Ovington (Magistrate) |

**EMERGENCY MOTION TO AMEND SCHEDULE FOR EXPERT
DISCOVERY AND CLAIM CONSTRUCTION BRIEFING**

Plaintiff The Procter & Gamble Company ("P&G") hereby submits this emergency motion to amend the deadlines for serving and filing materials relating to completion of expert discovery and construction of the patent claims at issue in this litigation. Specifically, P&G requests that the Pretrial Conference Order be amended as follows: (1) rebuttal reports of non-damages experts due November 18, 2003; (2) parties exchange lists of claim construction issues on December 5, 2003; (3) close of non-damages expert discovery on December 23, 2003; (4) parties submit opening claim construction briefs on January 14, 2004; (5) responsive claim construction briefs due on February 6, 2004. The proposed amendments, which are necessitated by Coca-Cola's request for an extension of time to serve initial expert reports, will afford the parties needed time to complete rebuttal reports and claim construction briefing, while enabling the Court to proceed with the hearing on claim construction as presently scheduled, on February 19, 2004. Moreover, the proposed amended schedule will not affect the dates for trial and ultimate resolution of this case. P&G has been forced to file this Motion, because, in spite of

numerous attempts by P&G to confer with Coca-Cola concerning the proposed schedule, Coca-Cola has not responded substantively to P&G's communications on the subject. As further grounds for this Motion, P&G states the following:

1. Under the current Preliminary Pretrial Conference Order, as amended on August 12, 2003, the parties were required to complete non-damages expert discovery and claim construction briefing as follows:

| | |
|---|---|
| Exchange initial reports | October 8, 2003 |
| Exchange rebuttal reports | November 7, 2003 |
| Exchange lists of claim construction issues | December 1, 2003 |
| Deadline for completion of non-damages expert discovery | December 5, 2003 |
| Opening claim construction briefs due | December 19, 2003 |
| Responsive claim construction briefs due | January 16, 2004 |

2. The parties agreed to extend the date for service of initial non-damages expert reports until October 14, 2003, to enable Coca-Cola to complete the deposition of a former P&G employee who had been unavailable prior to that date. The parties did not contemplate any other change to the expert discovery schedule as a result of this extension.

3. On October 13, 2003, Coca-Cola contacted P&G seeking a further extension of the deadline for submission of initial expert reports until October 17, 2003. P&G agreed to this request.

4. Thereafter, Coca-Cola again contacted P&G and requested yet another extension of the deadline for submission of initial expert reports until October 20, 2003. Counsel for P&G

noted that the requested extension would leave less than three weeks for service of rebuttal reports. As a result, P&G's counsel stated that it would assent to the request, provided that an agreement could be reached to modify the rest of the schedule for expert discovery and claim construction briefing to avoid prejudicing either party. Counsel for Coca-Cola indicated that it would review the schedule and make an appropriate proposal.

5. On October 16, 2003, Coca-Cola's counsel wrote to P&G proposing that the parties exchange rebuttal reports on November 19th and complete expert discovery on December 12th. This schedule would have afforded a little more than three weeks to conduct six expert depositions, one week of which included the Thanksgiving holiday. In addition, Coca-Cola's proposal would have provided only one week in between the completion of expert discovery and the deadline for service of opening claim construction briefs.

6. As such, that same day, counsel for P&G wrote back to Coca-Cola proposing an alternative schedule that attempted to accommodate those concerns. Receiving no response to its proposal that day, the day before expert reports were to be exchanged, P&G's counsel attempted to reach opposing counsel the next day to determine if the proposal was acceptable. Again, P&G received no response. P&G's counsel attempted to reach counsel for Coca-Cola again on Monday, October 20th. Although counsel for Coca-Cola sent a return message saying that he would be calling to discuss the matter, no such telephone call was received. P&G's counsel therefore sent another e-mail on Wednesday, October 22nd once again forwarding its proposed schedule and asking for Coca-Cola's response. P&G still received no reply. Finally, after again attempting to reach counsel for Coca-Cola by phone to discuss the matter, to no avail, counsel for P&G wrote to counsel for Coca-Cola on Friday, October 24th, advising that if P&G did not

hear from Coca-Cola by the end of the business day, it would be forced to seek emergency relief from the Court. Still, no response was forthcoming.

7. Under these circumstances, and given the short time remaining for completion of non-damages expert discovery and claim construction briefing, P&G seeks the Court's approval of the schedule that it proposed to Coca-Cola in order to accommodate Coca-Cola's request for an extension of the date for service of initial non-damages expert reports. Specifically, P&G requests that the Pretrial Conference Order be amended as follows:

| | |
|---|---|
| Parties to exchange rebuttal reports of non-damages experts | November 19, 2003 |
| Parties to exchange lists of claim construction issues | December 5, 2003 |
| Close of non-damages expert discovery | December 23, 2003 |
| Opening claim construction briefs due | January 14, 2004 |
| Responsive claim construction briefs due | February 6, 2004 |

8. This Motion is warranted in light of P&G's willingness to accommodate Coca-Cola's prior requests for more time to complete and serve initial expert reports, and Coca-Cola's repeated failure even to respond to a reciprocal request by P&G. P&G anticipates that the proposed amended schedule will permit the Court to proceed with the claim construction hearing presently scheduled for February 19, 2004. In addition, P&G does not expect that the proposed modification will have any impact on the remaining dates set forth in the Preliminary Pretrial Conference Order with respect to pretrial events or trial of this matter.

WHEREFORE, P&G respectfully requests that the Court enter an Order amending the Preliminary Pretrial Conference Order in the form attached hereto as Exhibit A.  *P&G further requests that the Court address this Motion on an expedited basis given the imminent nature of the deadlines at issue.*

Respectfully submitted,

**THE PROCTER & GAMBLE COMPANY**

By its attorneys,

_____/s/ Vinita Ferrera_____
William F. Lee (admitted *pro hac vice*)
David B. Bassett (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Mark A. Vander Laan (Ohio Bar #0013297)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH  45202-3172
(513) 977-8200

Dated:  October 27, 2003

**LOCAL RULE 7.3 CERTIFICATION**

Counsel for Plaintiff The Procter & Gamble Company hereby certifies that s/he has attempted in good faith to confer with counsel for Defendant The Coca-Cola Company on numerous occasions, as set forth above, concerning the relief requested herein, but has received no substantive response thereto.

_____/s/ Vinita Ferrera_____
Vinita Ferrera

## CERTIFICATE OF SERVICE

    I, Vinita Ferrera, hereby certify that, on this 27th day of October, 2003, a true and correct copy of the above document was served by facsimile and overnight mail on Robert Burns, Esq., Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Two Freedom Square, 11955 Freedom Drive, Reston, Virginia 20190-5675, and Roger J. Makley, Esq., Coolidge, Wall, Womsley & Lombard, 33 West First Street, Suite 600, Dayton, Ohio 45402.

                                                  ____/s/ Vinita Ferrera_____
                                                  Vinita Ferrera

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
*Western Division*

THE PROCTER & GAMBLE COMPANY,

      Plaintiff,

      vs.                             Case Number:  C-1-02-393

THE COCA-COLA COMPANY

      Defendant.

___

**ORDER GRANTING EMERGENCY MOTION TO AMEND SCHEDULE FOR EXPERT DISCOVERY AND CLAIM CONSTRUCTION BRIEFING (DOC. 54)**
___

This matter is before the Court upon the Emergency Motion of the Plaintiff The Procter & Gamble Company to Amend Schedule for Expert Discovery and Claim Construction Briefing (Doc. 54). For good cause shown and because amending said dates will not adversely impact the trial date herein, the Motion is hereby granted:

The pertinent deadlines for this matter are amended as follows:

| | |
|---|---|
| Parties to exchange rebuttal reports of non-damages experts | November 19, 2003 |
| Parties to exchange lists of claim construction issues | December 5, 2003 |
| Close of non-damages expert discovery | December 23, 2003 |
| Opening claim construction briefs due | January 14, 2004 |
| Responsive claim construction briefs due | February 6, 2004 |

IT IS SO ORDERED.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE