UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE COCA-COLA COMPANY, )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION NO. C-1-02-393<br><br>Hon. Walter Herbert Rice (Chief Judge)<br>Hon. Sharon Ovington (Magistrate) |

**THE COCA-COLA COMPANY'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE
<u>SUPPLEMENTAL TEST REPORT AND PRECLUDE TESTIMONY</u>**

Donald R. Dunner, Esq. (admitted *pro hac vice*)
Gerald F. Ivey, Esq. (admitted *pro hac vice*)
Christopher P. Isaac, Esq. (admitted *pro hac vice*)
Robert L. Burns, Esq. (admitted *pro hac vice*)
Michele L. Mayberry, Esq. (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
1300 I Street, N.W., Suite 700
Washington, DC 20005-3315
Telephone:    (202) 408-4000
Facsimile:    (202) 408-4400
e-mail:         michele.mayberry@finnegan.com

Roger J. Makley
Trial Attorney (Reg. No. 0018702)
COOLIDGE, WALL, WOMSLEY & LOMBARD
33 West First Street, Suite 600
Dayton, Ohio 45402
Telephone:    (937) 223-8177
Facsimile:    (937) 223-6705

Michael J. Kline, Esq.
Michael V. Kruljac, Esq.
The Coca-Cola Company
P.O. Box 1734
Atlanta, GA 30301
Telephone:    (404) 676-3162
Facsimile:    (404) 676-7636

Date: December 17, 2003

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................1

I.    THE SUPPLEMENTAL TEST REPORT IS SUBSTANTIALLY JUSTIFIED BY P&G'S RECENT PRODUCTION OF THE ALETE FORMULATIONS PREPARED BY DR. FOX. ...................................................................................................1

II.   SUPPLEMENTATION PRIOR TO THE EXPERTS' DEPOSITIONS SATISFIES THE REQUIREMENTS OF RULE 26(e) AND PROVIDES AMPLE TIME FOR P&G TO INQUIRE ABOUT THE REPORT'S CONTENTS.................................................................................................................3

III.  THE CIRCUMSTANCES WHICH JUSTIFY SUPPLEMENTATION IN THIS CASE ARE SHARPLY DISTINGUISHABLE FROM THE FACTS INVOLVED IN THE AUTHORITY P&G ERRONEOUSLY TRIES TO RELY UPON. ...............................................................................................................4

CONCLUSION.........................................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Hoover v. U.S. Dept. of Interior*,
   611 F.2d 1132 (5th Cir. 1980)..................................................................................3

*Pride v. BIC Corporation*,
   218 F.3d 566 (6th Cir. 2000) ................................................................................5, 6

*Roberts v. Galen of Virginia, Inc.*,
   325 F.3d 776 (6th Cir. 2003) ....................................................................................1

*Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*,
   109 F.3d 739 (Fed. Cir. 1997)...............................................................................5, 6

*United States v. I.B.M.*,
   72 F.R.D. 78 (S.D.N.Y. 1976)..................................................................................3

## FEDERAL RULES

Fed. R. Civ. P. 26(e) .......................................................................................................1, 3, 5

Fed. R. Civ. P. 26(a)(2)(B) ..................................................................................................1, 5

Fed. R. Civ. P. 26(a)(2)(C) .....................................................................................................1

## INTRODUCTION

The Coca-Cola Company files this Memorandum in Opposition to Plaintiff's Motion to Strike Supplemental Test Report and Preclude Testimony. The supplemental test report, served on P&G on November 24, 2003, contains the results of laboratory tests necessitated by P&G's recent disclosure of a relevant laboratory notebook, in addition to testing conducted to supplement Eric Wilhelmsen PhD's October 20, 2003 report. The supplemental test report satisfies the requirements of Rule 26 relating to supplementation of an expert's disclosure to include information subsequently acquired, and accordingly, The Coca-Cola Company respectfully requests that P&G's Motion to Strike the Supplemental Test Report be denied.

## ARGUMENT

I. **THE SUPPLEMENTAL TEST REPORT IS SUBSTANTIALLY JUSTIFIED BY P&G'S RECENT PRODUCTION OF THE ALETE FORMULATIONS PREPARED BY DR. FOX.**

Supplementation of expert reports is contemplated for information acquired after the submission of Rule 26 disclosures.[1] Rule 26 specifically provides that "[t]he parties shall supplement these disclosures when required under subdivision (e)(1)."[2] Two key factors the Court has the prerogative to consider in evaluating the appropriateness of supplemental disclosures are whether the party's actions are substantially justified, and whether the inclusion of the supplemental information causes demonstrable harm to the opponent.[3]

---

[1] *See* Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under subdivision (a) … is under a duty to supplement or correct the disclosure … to include information thereafter acquired… ."). The rule applies to Rule 26(a)(2)(B), which provides that expert reports "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor… ."

[2] Fed. R. Civ. P. 26(a)(2)(C).

[3] *See, e.g., Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 781-785 (6th Cir. 2003).

In this case, the supplemental test report offered by The Coca-Cola Company is substantially justified by relevant factual information contained in a laboratory notebook, which P&G only disclosed after the discovery deadline, despite several focused discovery requests. In fact, The Coca-Cola Company disclosed the supplemental report within approximately six weeks of P&G's release of the previously withheld discovery. The recently-produced P&G notebook is relevant to and supports positions taken by The Coca-Cola Company's expert, Dr. Wilhelmsen, in his original expert report. Specifically, the laboratory notebook contains formulations based on the label of a product called Alete ABC plus Multi Vitamin Saft ("Alete"), a calcium-fortified fruit juice commercially available in Germany during the 1980s.

During discovery, P&G repeatedly represented that such a laboratory notebook did not exist. After the close of discovery, however, and only days prior to the October 10, 2003 deposition of Dr. Mary Fox (now Dr. Mary Bolich), P&G produced the laboratory notebook containing her formulations of a calcium-fortified fruit juice derived from an Alete label. Rule 26 contemplates supplementation of an expert's report when necessitated by newly-acquired information. P&G's disclosures triggered the need for additional testing, the results of which are contained in the supplemental report served on November 24, 2003. Given the lateness of P&G's disclosures, there was insufficient time to conduct testing and prepare a report based on the new information by the agreed-upon deadline for exchanging expert reports of October 20, 2003.[4]

---

[4] According to the Scheduling Order in place during this time period, the deadline for fact discovery was September 23, 2003, and expert reports were to be exchanged on October 8, 2003. As the deadline approached to exchange expert reports, Dr. Wilhelmsen was immersed in the process of preparing his initial report, without benefit of P&G's disclosure until well into the process. It should be noted that the laboratory tests were conducted in Cambridge, Massachusetts, jointly by The Coca-Cola Company's technical experts, one of whom resides in California.

2

The supplemental report not only addresses post-discovery information, it also supplements testing reported by Dr. Wilhelmsen in his original report of October 20, 2003. Moreover, in his original report, Dr. Wilhelmsen relied upon an Alete product label as the subject matter of an anticipatory reference in his assessment of the grounds to find the '847 patent invalid. Under the circumstances, The Coca-Cola Company disclosed the supplemental test report to P&G within a reasonable time, and without question, sufficiently in advance of the scheduled depositions of The Coca-Cola Company's experts to permit full and fair inquiry. There are, as a consequence, no credible grounds to claim surprise.

## II. SUPPLEMENTATION PRIOR TO THE EXPERTS' DEPOSITIONS SATISFIES THE REQUIREMENTS OF RULE 26(e) AND PROVIDES AMPLE TIME FOR P&G TO INQUIRE ABOUT THE REPORT'S CONTENTS.

In attempting to advance a hypertechnical objection to the supplemental report in this case, P&G's motion has lost sight of the time-honored "primary purpose" of disclosure under Rule 26: to permit the opposing party to prepare an effective cross examination of the experts at trial.[5] In this case, it bears emphasizing that The Coca-Cola Company submitted the supplemental test report to P&G expeditiously after the original Rule 26 expert report <u>and before</u> the depositions of the experts. Consequently, P&G has had a sufficient opportunity to analyze the information contained in the report before the commencement of witness examinations.

Rule 26(e) provides a mechanism for supplementing an expert's disclosure when an original report is found in some material respect to be incomplete or incorrect to prevent surprise of an opponent with never-before-disclosed information or brand new opinions at a time which leaves the opponent no fair chance to address the new information. Because the supplemental

---

[5] *See, e.g., Hoover v. U.S. Dept. of Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980); *United States v. I.B.M.*, 72 F.R.D. 78, 81 (S.D.N.Y. 1976).

3

test report merely supplements earlier Rule 26 disclosures of experts already known to P&G, there is no unfair surprise. P&G will have an opportunity to question Dr. Wilhelmsen and Dana Krueger, the experts who performed the testing described in the supplemental test report, both of whom are already designated as experts in this case. The depositions of Dr. Wilhelmsen and Dana Krueger have been scheduled for December 18 and December 23, 2003, respectively, nearly one month after the November 24, 2003 supplemental test report was disclosed to P&G. Because P&G is presented with a full and fair opportunity to depose The Coca-Cola Company's experts on the information contained in the supplemental test report, at this stage of the case P&G has no valid basis to suggest it has been harmed by the timing of the disclosure.

In addition to testing prompted by P&G's late production of the laboratory notebook, the supplemental test report also includes results of testing conducted to supplement Dr. Wilhelmsen's October 20, 2003 report. In particular, the supplemental test report contains the results of testing performed on U.S. Patent No. 2,629,665 ("the Gordon patent") and the results of testing the juice of fresh oranges. This testing supplements the invalidity opinion expressed by Dr. Wilhelmsen in his original report by reproducing the calcium-fortified fruit juice example disclosed in the Gordon patent. Likewise, the testing of the juice from commercially-available oranges amplifies his original opinions on the inherent characteristics of orange juice. Consistent with the principles of full disclosure and advance notice embodied in Rule 26, this supplemental information should be permitted.

### III. THE CIRCUMSTANCES WHICH JUSTIFY SUPPLEMENTATION IN THIS CASE ARE SHARPLY DISTINGUISHABLE FROM THE FACTS INVOLVED IN THE AUTHORITY P&G ERRONEOUSLY TRIES TO RELY UPON.

Measured against P&G's own belated disclosures, the case authority P&G seeks to invoke has no practical bearing on this case. In fact, the authorities cited illustrate some of the

most extreme examples of inadequate compliance with Rule 26(a)(2)(B), including extended periods of delay between the initial reports and the contemplated supplements. In sharp contrast to these examples, The Coca-Cola Company's supplement occurred at an early point in the expert discovery process, well in advance of the safe harbor for justified supplementation under Rule 26(e).[6] It also seems clear from P&G's arguments that the motion to strike miscasts the nature of the report as a primary report rather than a supplement.

P&G's motion cited *Pride v. BIC Corporation*, 218 F.3d 566 (6th Cir. 2000), to argue in favor of striking The Coca-Cola Company's supplemental report as beyond the deadline for filing reports under Rule 26(a)(2)(B). It should be noted at the outset that the provision for supplements contemplates, by definition, the submission of information after the filing of Rule 26(a)(2)(B) reports. In *Pride*, however, initial expert reports were evaluated at a Daubert hearing, and only after the court rendered a decision did the losing party attempt to revamp its case by submitting additional opinions from previous experts together with new opinions from a new expert. *Id.* at 574-75. In other words, the losing party in *Pride* was attempting to rehabilitate its case-in-chief after the court had conducted a hearing, reviewed the party's best evidence, and exposed the weaknesses of its case. Here, the experts have not even been deposed, and the disclosure of the supplemental information <u>prior</u> to depositions completely eliminates any concern over unfair surprise at trial. Thus, the *Pride* case is entirely inapposite.

P&G also invoked *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739 (Fed. Cir. 1997), as a basis for excluding the supplemental test report. It bears emphasizing, however, that The Coca-Cola Company's Rule 26(a)(2)(B) reports complied with this Court's Scheduling Order. Unlike this case, the reports submitted in *Trilogy* contained new

---

[6] Fed. R. Civ. P. 26(e) (permits supplementation up to "90 days prior to trial" under appropriate circumstances).

5

opinions and information that were not crucial to the proponent's positions <u>and</u> did not result directly from the opponent's delays or actions.[7] *Id.* at 744. Further, there is no indication in *Trilogy* of whether the additional reports preceded expert depositions. More importantly, the proponent of the report in *Trilogy* introduced new opinions and a new witness in response to a narrow court order granting leave to amend only the deficiencies of the original expert report. *Id.* In this case, the supplemental test report contains information and analyses relating to information produced by P&G <u>after</u> the discovery deadline and additional support supplementing opinions already of record. The report properly identifies itself as a supplement, addresses information recently acquired from P&G, and amplifies opinions already offered by timely designated experts. The Supplemental Test Report is, therefore, proper, timely, and in no way barred under the *Pride* or *Trilogy* decisions.

---

[7] The factors suggested by *Trilogy* for evaluating whether to admit expert testimony are as follows: (1) importance of the testimony; (2) explanation provided for not meeting the court's order; (3) potential prejudice resulting from allowed testimony; and (4) availability of a continuance to cure such prejudice. *Id.* at 744.

## CONCLUSION

For the reasons stated in this Memorandum, The Coca-Cola Company respectfully requests that P&G's Motion to Strike be denied and the Supplemental Test Report be admitted.

Respectfully submitted,

Dated: December 17, 2003

By: /s/ Michele L. Mayberry
Donald R. Dunner, Esq. (admitted *pro hac vice*)
Gerald F. Ivey, Esq. (admitted *pro hac vice*)
Christopher P. Isaac, Esq. (admitted *pro hac vice*)
Robert L. Burns, Esq. (admitted *pro hac vice*)
Michele L. Mayberry, Esq. (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street, N.W., Suite 700
Washington, DC 20005-3315
Telephone:   (202) 408-4000
Facsimile:    (202) 408-4400
e-mail:         michele.mayberry@finnegan.com

Roger J. Makley
Trial Attorney (Reg. No. 0018702)
COOLIDGE, WALL, WOMSLEY & LOMBARD
33 West First Street, Suite 600
Dayton, Ohio 45402
Telephone:   (937) 223-8177
Facsimile:    (937) 223-6705

Michael J. Kline, Esq.
Michael V. Kruljac, Esq.
The Coca-Cola Company
P.O. Box 1734
Atlanta, GA 30301
Telephone:   (404) 676-3162
Facsimile:    (404) 676-7636

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of THE COCA-COLA COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE SUPPLEMENTAL TEST REPORT AND PRECLUDE TESTIMONY was served on this 17th day of December 2003, via Facsimile and Federal Express to Plaintiff's counsel:

| | |
|---|---|
| Mark A. Vander Laan | William F. Lee |
| Dinsmore & Shohl L.L.P. | David B. Bassett |
| 1900 Chemed Center | Vinita Ferrera |
| 255 East Fifth Street | Hale and Dorr LLP |
| Cincinnati, Ohio 45202-3172 | 60 State Street |
| (513) 977-8200 | Boston, Massachusetts 02109 |
| | (617) 526-6000 |

/s/ Michele L. Mayberry
Michele L. Mayberry