# Exhibit 9



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/860,607 | 05/07/86 | HECKERT    D | 3528 |

ERIC W. GUTTAG
THE PROCTOR & GAMBLE COMPANY
6071 CENTER HILL ROAD
WINTON HILL TECHNICAL CENTER
CINCINNATI, OHIO 45224-1791

| EXAMINER |
|---|
| PADEN, C  /Paden/ |

| ART UNIT | PAPER NUMBER |
|---|---|
| 132 / 132 | 9 |

DATE MAILED: 08/07/87

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined   ☒ Responsive to communication filed on 6-1-87   ☒ This action is made final.

A shortened statutory period for response to this action is set to expire  3  month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**
1. ☐ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449          4. ☐ Notice of informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474   6. ☐ _____

**Part II   SUMMARY OF ACTION**
1. ☒ Claims  1-29  are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☒ Claims  1-18  are allowed.

4. ☒ Claims  19-29  are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable;
   ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____.
    has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However,
    the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are
    corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO
    EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received

    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7-82)                    EXAMINER'S ACTION

Serial No.   860,607                                        -2-
Art Unit    132

   Claim 19 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

   It is not understood what is formed in claim 19, step a. Are four ingredients mixed together, e.g. calcium, water, citric acid and malic acid? It is not seen that any and all ratios of calcium to water will result in the desired meta-stable aqueous premix.

   Claim 23 is rejected under 35 U.S.C. 112, first paragraph, as the disclosure is enabling only for claims limited that disclosed in demonstrations 1-3. See MPEP 706.03(n) and 706.03(z).

   It is not seen that the use of a premix containing orange juice is functional for any and all calcium sources. (Note demonstrations that calcium hydroxide is not soluble in orange juice and further reacts with the beverage. Note also demonstration 3 wherein the use of calcium carbonate results in a foamed beverage in orange juice).

   The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which

Serial No.   860,607                                          -3-

Art Unit     132

qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claims 19-29 are rejected under 35 U.S.C. 103 as being unpatentable over Nakel et al for reasons of record.

Applicant argues that the premix of Nakel et al is not critical. This argument has been considered but is not persuasive of error since column 5, lines 22-30 of Nakel et al disclose problems associated with the addition of calcium and acids to beverages. Note also at column 6, lines 43-47 of Nakel et al the use of fruit juices in such beverages is contemplated. Applicant urges that Nakel et al does not utilize the higher levels of calcium employed by applicant. This argument has been considered but is not persuasive of error since to vary the ingredients of Nakel et al to achieve the desired result is not seen to constitute unobviousness particularly wherein Nakel et al provides a series of ranges wherein combinations of ingredients are functional. The fact that the purpose of such combinations is different from that of applicant is not seen to constitute unobviousness particularly wherein applicant himself admits that the flavor of the final product is an essential component of process purpose. Applicant urges that the scale up of the Nakel et al technology would result in a product with excessive saltiness. Applicant further urges that the Dake

Serial No.  860,607                                          -4-

Art Unit    132


declaration relating to calcium chloride supports this assertion. This argument has been considered but is not persuasive of error since the claims as written are not directed to calcium chloride per se. Rather they are directed to a host of calcium-containing ingredients. Applicants arguments with respect to claim 23 have been considered but are not persuasive of error for the reasons discussed above with respect to the rejection under 35 USC 112. With respect to sugar recited in claim 24, column 5 lines 10-34 of Nakel et al teaches prevention of solubility problems thus it remains the examiners position that the use of the supplemental ingredients recited in claim 24 and 29 is seen to be a matter of choice. With respect to claim 28, applicant urges that the calcium content is higher than that of the references and that such high levels of calcium would result in an undesirable product. This argument has been considered but is not persuasive of error for the reasons discussed above with respect to process claim 19 (Note In re Thorpe 227 USPQ 964).

Claims 1-18 are allowable over the prior art of record.

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a). The practice of automatically extending the shortened statutory period an additional month upon the filing of a timely first response to a final rejection has been discontinued by the Office. See 1021 TMOG 35.

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER

Serial No.   860,607                                              -5-

Art Unit     132


THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE
DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION
FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM
THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT
WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN
SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

   Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to Carolyn Paden whose telephone number is
(703) 557-9803.

   Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-2475.

Paden  7-17-87
Paden:df

703-557-9803

7-13-87

7-15-87


RAYMOND N. JONES
SUPERVISORY PATENT EXAMINER
ART UNIT 132
8-3-87