# Exhibit 22

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> THE COCA-COLA COMPANY, <br><br> Defendant/Counterclaim-Plaintiff. | CIVIL ACTION NO. C-1-02-393 <br><br> Chief Judge Walter Herbert Rice <br> Hon. Michael R. Merz (Magistrate) |

**DEFENDANT'S ANSWERS AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-17)**

Defendant, The Coca-Cola Company ("TCCC"), hereby responds to the First Set of Interrogatories (Nos. 1-17) served by Plaintiff, The Procter & Gamble Company ("P&G"), on September 27, 2002.

**GENERAL OBJECTIONS**

1. TCCC objects generally to P&G's interrogatories to the extent that they request information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

2. To the extent that TCCC responds by offering to produce documents in lieu of identifying them or compiling information from them, TCCC will produce such documents as they exist, can be located after a reasonable search of TCCC's files, and are not subject to the attorney/client privilege, work-product doctrine, or any other objection. A response that documents will be produced should not be construed as a representation that such documents

**P&G INTERROGATORY NO. 12**

        If Coca-Cola contends that any of the products identified in response to Interrogatory No. 1 above do not meet one or more of the limitations of one or more claims of the '847 patent, please state the basis for that contention (including an identification of each element of the claim(s) that is allegedly missing from Coca-Cola product(s)) and identify all documents that refer or relate to that contention.

**ANSWER NO. 12**

TCCC objects to this interrogatory as being unduly broad and burdensome and as seeking information that is irrelevant for the reasons asserted in TCCC's Answer to Interrogatory No. 1. Despite the fact that information concerning the products identified in the Answer to Interrogatory No. 1 is readily available to P&G through, *inter alia*, acquisition of the publicly sold products or inspection of the ingredients on the package labels, P&G has made no accusation of infringement for products other than Minute Maid Premium Calcium Original and Minute Maid Premium Calcium Home Squeezed Style. TCCC objects to providing detailed discovery responses on products that are not at issue in this lawsuit.

In addition to the General Objections, TCCC further objects to this interrogatory because it prematurely seeks TCCC's legal contentions in this action. It is especially premature to seek TCCC's noninfringement contentions when P&G identified its infringement contentions for the first time on October 18, 2002. Prior to this, P&G had not even identified the patent claims that were allegedly infringed. TCCC further objects to this interrogatory to the extent that it prematurely seeks TCCC's legal contentions in this action.

Subject to and without waiving its specific and General Objections, TCCC states that the products identified in P&G's Complaint do not meet the citric acid:malic acid ratio limitation of the asserted claims of the '847 patent because such identified accused beverages do not comprise any added citric or malic acid. These claims require that a mixture of both citric acid and malic

14

acid be added to the juice product. This noninfringement defense is dispositive of all asserted claims. TCCC may supplement this response once it has an opportunity to assess P&G's infringement contentions, which were provided less than two weeks ago.

## P&G INTERROGATORY NO. 13

> Other than matters already set forth in response to interrogatories 6-12 above, if Coca-Cola contends that for any other reason it is not liable for infringement of the '847 patent, please state the basis for that contention and identify all documents that refer or relate to that contention.

## ANSWER NO. 13

In addition to the General Objections, TCCC further objects to this interrogatory because it prematurely seeks TCCC's legal contentions in this action. Subject to and without waiving its specific and General Objections, TCCC asserts that P&G has not demonstrated compliance with 35 U.S.C. § 287(a) and, thus, is not able to collect damages for any alleged infringement. TCCC expressly reserves the right to supplement this response based upon information learned in discovery, which has yet to begin in earnest.

## P&G INTERROGATORY NO. 14

> For each opinion Coca-Cola has received concerning the validity, enforceability or infringement of the '847 patent, please state whether the opinion was oral or written, state the date upon which Coca-Cola received the opinion, identify the person(s) who rendered the opinion, identify each person to whom the opinion was delivered, state whether the opinion was directed to the issue of validity, enforceability, or infringement, or to some or all of such issues, identify each person who was informed of the substance or conclusion of the opinion, and identify each person who received a copy of the opinion, if it was written.