UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE COCA-COLA COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. C-1-02-393 <br><br> Hon. Walter Herbert Rice (Chief Judge) <br> Hon. Sharon L. Ovington (Magistrate) |

**THE COCA-COLA COMPANY'S MOTION FOR CLARIFICATION OF STATUS OF P&G'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Dated: August 10, 2004

Roger J. Makley
Trial Attorney (Reg. No. 0018702)
COOLIDGE, WALL, WOMSLEY &
LOMBARD CO., L.P.A.
33 West First Street, Suite 600
Dayton, Ohio 45402
Telephone: (937) 223-8177
Facsimile: (937) 223-6705
E-mail: makley@coolaw.com

Donald R. Dunner, Esq. (*admitted pro hac vice*)
Gerald F. Ivey, Esq. (*admitted pro hac vice*)
Christopher P. Isaac, Esq. (*admitted pro hac vice*)
Robert L. Burns, Esq. (*admitted pro hac vice*)
Christopher W. Day, Esq. (*admitted pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
1300 I Street, N.W., Suite 700
Washington, DC 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Michael J. Kline, Esq.
Michael V. Kruljac, Esq.
THE COCA-COLA COMPANY
P.O. Box 1734
Atlanta, GA 30301
Telephone: (404) 676-3162
Facsimile: (404) 676-7636

## INTRODUCTION

The Coca-Cola Company ("Coca-Cola"), through counsel, respectfully moves for clarification of the status of The Procter & Gamble Company's ("P&G") Motion for Leave to File a Second Amended Complaint, in response to the Notation Order entered on July 15, 2004.

Until the entry of the July 15, 2004 Notation Order, the parties proceeded on a record where P&G's Motion for Leave to File Second Amended Complaint had not been granted or acted upon. The July 15 Order indicates that the Court has

> "previously sustained (on 9/5/03)[36] Motion for Leave to File Second Amended Complaint, and finding as moot [51] Motion for leave to file Sur-Reply in Opp: Second Amended Complaint was allowed on 9/5/03."

Coca-Cola, however, respectfully submits that the September 5, 2003 Order was issued inadvertently, and formally rendered moot by the September 9, 2003 Order granting Coca-Cola leave to file its Opposition Brief. In support thereof, Coca-Cola respectfully informs the Court of the following facts:

## PROCEDURAL POSTURE

1. On August 12, 2003, P&G filed a Motion for Leave to File Second Amended Complaint. (Docket No. 36.) The cut-off date for amending the Original Complaint was December 16, 2002. The Second Amended Complaint would have added claims 12-18 to the case, which had not been asserted previously, and would have forced a broad disclaimer of attorney-client information to defend against a generally pled allegation of willful infringement.

2. On September 4, 2003, Coca-Cola filed an Unopposed Motion for Enlargement of Time to file its Opposition Brief. (Docket No. 41.)

3. On September 5, 2003, the Court issued a Notation Order granting P&G's Motion for Leave to File Second Amended Complaint. The next day, however, the Court's clerk

informed counsel for Coca-Cola that the September 5, 2003 Order was inadvertently issued and was immediately withdrawn.

4. On September 9, 2003, the Court entered an Order granting Coca-Cola's Unopposed Motion for Enlargement of Time to file its Opposition Brief. (Docket No. 43.)

5. In accordance with the September 9, 2003 Order, Coca-Cola filed its Opposition Brief on September 18, 2003 (Docket No. 45), and P&G filed its Reply Memorandum on September 29, 2003. (Docket No. 48.)

6. On September 23, 2003, the parties completed fact discovery.

7. On October 8, 2003, Coca-Cola filed a Motion for Leave to File Sur-Reply Brief to Respond to a New Issue of Unsettled Law Raised in Plaintiff's Memorandum. (Docket No. 51.) The brief notified the Court that the Federal Circuit issued an Order for *en banc* rehearing regarding the limits of attorney-client privilege waiver in willful infringement.

8. On October 15, 2003, P&G filed its Opposition to Coca-Cola's Motion for Leave to File Sur-Reply Brief. (Docket No. 52.)

9. On April 7, 2004, the parties conducted *Markman* proceedings before this Court. These proceedings concerned the proper claim construction of only claims 1-11 of the '847 patent. Claims 12-18 were neither briefed, nor argued, nor at issue during the *Markman* proceedings.

10. There was no application to amend the Scheduling Order to either permit discovery on the additional patent claims 12-18, or to brief and argue their claim construction in additional *Markman* proceedings.

In light of the Clerk's correction to the then newly initiated electronic docket, it does not appear that the September 5, 2003 entry constituted a substantive review and Order on the merits. The parties have, in fact, proceeded accordingly. To the extent the September 5, 2003 entry was ever deemed an appropriate entry, Coca-Cola respectfully submits that it was vacated by the Court's September 9, 2003 Order. (Docket No. 43.) Coca-Cola therefore continued in trial preparation under the allegations set forth in P&G's First Amended Complaint.[1]

## CONCLUSION

For the reasons stated, Coca-Cola respectfully requests that this Honorable Court clarify the status of P&G's Motion for Leave to File Second Amended Complaint. On this record, the July 15, 2004 Order should be vacated to reflect the current procedural posture of this case.[2]

---

[1] If anything, at this juncture, Coca-Cola's concerns over the lack of good grounds and lateness of P&G's application for a second, substantive amendment to the complaint, as already amended, are even more acute now that P&G has only recently requested the additional discovery required by the new allegations. Even though fact discovery closed long ago, on August 6, 2004, P&G requested additional fact and expert discovery regarding the new "concentrate" products based on the newly asserted claims 12-18 of the '847 patent, as well as P&G's new allegations of willful infringement of the '847 patent. *See* Ex. A, Ferrera Letter dated Aug. 6, 2004.

[2] In the interest of completely clarifying the procedural record, the Court may consider adding an entry which vacates the September 5, 2003 Order as well.

4

Dated: August 10, 2004

Of Counsel:

Donald R. Dunner, Esq.
Gerald F. Ivey, Esq.
Christopher P. Isaac, Esq.
Robert L. Burns, Esq.
Christopher W. Day, Esq.
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W., Suite 700
Washington, DC 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Michael J. Kline, Esq.
Michael V. Kruljac, Esq.
THE COCA-COLA COMPANY
P.O. Box 1734
Atlanta, GA 30301
Telephone: (404) 676-3162
Facsimile: (404) 676-7636

Respectfully submitted,

/s/ Roger J. Makley
Roger J. Makley
Trial Attorney (Reg. No. 0018702)
COOLIDGE, WALL, WOMSLEY &
 LOMBARD CO., L.P.A.
33 West First Street, Suite 600
Dayton, OH 45402
Telephone: (937) 223-8177
Facsimile: (937) 223-6705
COUNSEL FOR DEFENDANT AND
COUNTERCLAIM-PLAINTIFF,
THE COCA-COLA COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of The Coca-Cola Company's Motion For Clarification Of Status Of P&G'S Motion For Leave To File Second Amended Complaint was served on this 10th day of August 2004, via Facsimile and Federal Express to Plaintiff's counsel:

| | |
|---|---|
| Mark A. Vander Laan | William F. Lee |
| Dinsmore & Shohl L.L.P. | David B. Bassett |
| 1900 Chemed Center | Vinita Ferrera |
| 255 East Fifth Street | Wilmer, Cutler, Pickering, |
| Cincinnati, Ohio 45202-3172 | Hale and Dorr LLP |
| (513) 977-8200 | 60 State Street |
| | Boston, Massachusetts 02109 |
| | (617) 526-6000 |

/s/ Robert L. Burns
Robert L. Burns