# Exhibit A

# WILMER CUTLER PICKERING
# HALE AND DORR LLP

07738.8050-00000

## FAX TRANSMITTAL COVER SHEET

Date __8/6/04__  Number of Pages to Follow __3__  Time __9:20 a.m.__

**Upon Receipt Deliver Immediately To:**

Name __Robert L. Burns, Esq.__  Company __Finnegan, Henderson, Farabow, Garrett & Dunner, LLP__

City _____  State _____  Country _____

Sent by __Vinita Ferrera__  Ext. __6208__  Location __24044__

FAX # ( ) __571-203-2777__  Confirm # ( ) _____

Original: ☒ Will follow by mail  ☐ Will follow by courier  ☐ Will not follow

Message _____

The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately at (617) 526-5413 so that we can arrange for the retrieval of the documents at no cost to you. If the transmission is incomplete or illegible, please call us at the above number.

Client Matter Number _____ - __110198-123__

Transmitted by _____

BOSTON 1917537v1

# WILMER CUTLER PICKERING
# HALE AND DORR LLP

August 6, 2004

**By Facsimile and First Class Mail**

Robert L. Burns, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Vinita Ferrera

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6208
+1 617 526 5000 fax
vinita.ferrera@wilmerhale.com

Re: The Procter & Gamble Co. v. The Coca-Cola Co.
Civ.A.No 02-393 (S.D. Ohio)

Dear Robert:

I am writing concerning the Court's recent notice order indicating that P&G's motion to amend seeking leave to file a Second Amended Complaint was allowed on September 5, 2003.

As Coca-Cola knows, the Second Amended Complaint added an allegation that Coca-Cola willfully infringed U.S. Patent No. 4,722,847 (the "'847 patent") and clarified the identity of the accused products. Given the Court's recent order, P&G requests that Coca-Cola answer and supplement P&G's numerous longstanding discovery requests on these subjects.

In particular, with respect to the willful infringement allegation, we expect that Coca-Cola will produce all additional documents in its possession, custody, or control that are directed to that allegation, including but not limited to P&G's Document Requests No. 8-10. More specifically, we request, once again, that Coca-Cola produce the written opinion it received in September 1988 concerning the '847 patent that it previously withheld on the grounds of privilege. Coca-Cola must also supplement its responses to P&G's Interrogatories (such as Nos. 5 & 14) on this issue.

In addition, we assume that Coca-Cola will supplement its document production and responses to P&G's interrogatories with respect to the accused products for which it previously refused to produce information on the erroneous ground that those products were not part of the case.

Please let me know as soon as possible when Coca-Cola will provide this information that P&G requested long ago. P&G needs these materials to, among other reasons, decide whether to

Robert L. Burns, Esq.
August 6, 2004
Page 2

conduct additional discovery, including reopening of the depositions of Mr. Lee, Mr. Haydu, and possibly others, taking a 30(b)(6) deposition on willfulness, and supplementing its expert reports.

Very truly yours,

*Vinita Ferrera*

Vinita Ferrera

VF:bms

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

August 6, 2004

Vinita Ferrera

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6208
+1 617 526 5000 fax
vinita.ferrera@wilmerhale.com

**By Facsimile and First Class Mail**

James Galbraith
Kenyon & Kenyon
One Broadway
New York, New York 10004

Re: The Procter & Gamble Co. v. The Coca-Cola Co.
    Civ.A.No. 02-1-393 (S.D. Ohio)

Dear James:

I am writing concerning a subpoena for documents and a deposition that we served ton Kenyon & Kenyon on September 23, 2003. I have attached a copy of the subpoena for your reference. At the time we served the subpoena, the Court had not ruled on P&G's motion to amend the pleadings to file a Second Amended Complaint. According to your September 25, 2003 letter, you declined to respond to the subpoena unless and until the Court ruled in P&G's favor.

As you may know, the Court has now granted P&G's motion to amend the pleadings and allowed P&G's Second Amended Complaint. Please inform me as soon as possible when Kenyon & Kenyon will produce the documents that P&G requested and make a witness available for a deposition.

Very truly yours,

*Vinita Ferrera*

Vinita Ferrera

VF:bms

cc: Robert Burns, Esq.