UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. C-1-02-393 |
| ) | |
| THE COCA-COLA COMPANY, ) | Chief Judge Walter Herbert Rice |
| ) | Hon. Sharon Ovington (Magistrate) |
| Defendant. ) | |
| ) | |

**THE PROCTER & GAMBLE COMPANY'S OPPOSITION TO THE
COCA-COLA COMPANY'S MOTION FOR "CLARIFICATION" OF
STATUS OF P&G'S MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT**

**I.     INTRODUCTION**

The belated Motion for Clarification of Status of P&G's Motion for Leave to File a Second Amended Complaint ("Coca-Cola's Motion") is not a mere clerical request to adjust docket entries, as The Coca-Cola Company ("Coca-Cola") suggests. Rather, the motion is a thinly veiled and untimely attempt by Coca-Cola to seek reconsideration of P&G's Motion For Leave To File A Second Amended Complaint ("P&G's Motion to Amend"), a motion that the Court now has considered and resolved in P&G's favor *twice*. Moreover, it is yet one more ploy by Coca-Cola to avoid complying with its basic, long-standing discovery obligations. The Court should reject Coca-Cola's flawed arguments again here for a third time.

Indeed, because Coca-Cola's actions have caused precisely the situation about which it now complains, re-opening discovery will not cause it any undue prejudice. On the contrary, a decision *not* to re-open discovery for the limited purpose of allowing P&G to explore its new

claims contained in the Second Amended Complaint could preclude P&G from ever asserting them in this or any other court, causing P&G unjustified prejudice.

Accordingly, the Court should deny Coca-Cola's Motion and re-open discovery for the limited purpose of allowing P&G to obtain the information to which the Court has already decided that P&G is entitled.

## II.   BACKGROUND

Since the commencement of discovery in this case, P&G has sought relevant information about the various Coca-Cola products that infringe the patent at issue. Coca-Cola has refused to produce any information on products that were not specifically identified in the initial Complaint and the Amended Complaint (despite the fact that the Complaint expressly noted that the infringing products included – but were not limited to – the specifically identified products). Furthermore, during the discovery process, P&G learned of the existence of a legal opinion that Coca-Cola's counsel, Kenyon & Kenyon, provided soon after the issuance of the patent-in-suit. Coca-Cola has refused to disclose even the most basic information about this opinion. As a result of Coca-Cola's position on these discovery issues, P&G timely filed and served P&G's Motion to Amend on August 12, 2003[1], approximately six weeks before the close of fact discovery. On September 4, 2003 Coca-Cola filed an Unopposed Motion For Enlargement Of Time To File Its Opposition To The P&G Motion. (Docket No. 41.)

On September 5, 2003, the Court entered an order (the "September 5 Order") granting P&G's Motion to Amend and instructing P&G to file the Second Amended Complaint

---

[1] P&G believed (and believes) that Coca-Cola's positions on these issues are without merit. Nevertheless, P&G filed the Motion to Amend in an effort to avoid a needless and protracted discovery dispute.

immediately. P&G promptly filed the Second Amended Complaint (Docket No 42) and sought discovery on the newly asserted claims. In response, Coca-Cola took the position that the Court had not ruled on P&G's Motion to Amend and, even though discovery had not closed, refused to respond to P&G's discovery requests unless and until the Court granted the motion. Kenyon & Kenyon took the same position.

On September 9, 2003, Magistrate Ovington entered an order granting Coca-Cola's Unopposed Motion For Enlargement Of Time To File Its Opposition To The P&G Motion. (Docket No. 43.) Coca-Cola filed its Opposition to P&G's Motion to Amend on September 18, 2003 (Docket No. 45) and P&G filed its Reply on September 29, 2004. (Docket No. 46.) Coca-Cola also filed a Motion For Leave To File A Sur-Reply Brief on October 8, 2003 (Docket No. 51) and P&G timely filed its Opposition on October 15, 2003. (Docket No. 52.)

To the extent that any confusion remained regarding the Court's September 5 Order allowing P&G's Motion to Amend, on July 15, 2004, the Court issued an order (the "July 15 Order") repeating that it "sustained" the motion and ***unambiguously stating*** that "the Second Amended Complaint was allowed on 9/5/03."[2] Moreover, the Court denied as moot Coca-Cola's Motion For Leave To File A Sur-Reply Brief.

On August 6, 2004, P&G sent letters to Coca-Cola and Kenyon & Kenyon requesting that they produce the discovery that it previously requested. Kenyon & Kenyon refused, stating that it understood that Coca-Cola was going to seek to "guidance" from the Court. Coca-Cola never responded to P&G's request and instead filed the instant motion on August 10, 2004, almost one month after the July 15 Order that Coca-Cola now seeks to have the Court vacate.

---

[2] In contrast to the September 5 Order, the July 15 Order was a notation order and does not have a docket number associated with it.

- 3 -

## III.  ARGUMENT

The Court should refuse to grant the relief that Coca-Cola seeks for three separate and independent reasons.  First, by asking the Court to vacate its previous orders, Coca improperly asks the Court to reconsider its prior rulings, without even attempting to meet the standard for such reconsideration.  Second, re-opening discovery will not cause Coca-Cola any prejudice; it created the situation in which it now finds itself.  Third, should the Court decide not to re-open discovery, P&G could suffer significant prejudice by being precluded from ever asserting its new claims contained in the Second Amended Complaint.

### A.  Coca-Cola's Motion To "Clarify" Really Asks The Court To Reconsider Its Prior Rulings

The July 15 Order could not have been clearer; the Court went out of its way to remove any doubt about meaning of the September 5 Order *that allowed* P&G's Motion to Amend.  In response, Coca-Cola filed a motion for "clarification" that seeks to have the Court reconsider its allowance of P&G's Motion to Amend and to vacate both the July 15 Order and the September 5 Order.  (Coca-Cola Br. at 4.)  As a threshold matter, Coca-Cola's Motion is untimely.[3] Moreover, Coca-Cola's Motion fails because Coca-Cola clearly has not demonstrated that the July 15 Order and September 5 Order constituted an abuse of discretion, the standard necessary for reconsideration.  *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454-55 (6th Cir. 2003).

---

[3] Motions for reconsideration in the Sixth Circuit are properly construed as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *See Hausmann v. Fidelity Investments Institutional Svcs. Co.*, 326 F.3d 760, 766-67 (6th Cir. 2003); *Columbia Gas Transmission Corp. v. Limited Corp.*, 951 F.2d 910, 912 (6th Cir. 1991), citing *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  Pursuant to Federal Rule 59(e), "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Coca-Cola's Motion was served on August 10, 2004, far more than ten days after either the September 5 Order or the July 15 Order.  As such, Coca-Cola's motion should be denied.

### B.   Coca-Cola Will Not Suffer Prejudice By Re-Opening Discovery

Coca-Cola seeks to blame both P&G and the Court for its own discovery failings. Despite Coca-Cola's claim of confusion, it did not file its motion for "clarification" until almost **one month** after the Court issued the July 15 Order, and only *after* P&G requested that Coca-Cola and Kenyon & Kenyon respond to its long-standing discovery requests. Had Coca-Cola really been unclear about the meaning of the September 5 Order, it could have sought guidance from the Court at any point during the past year. Yet, it chose to remain silent and continued to withhold discovery.

Coca-Cola created the situation it now faces and, therefore, will not suffer any undue prejudice. P&G has long sought discovery from Coca-Cola on the legal opinion letter and the products identified in the Second Amended Complaint. Coca-Cola has had more than an ample opportunity to produce responsive documents. It refused to do so. Coca-Cola also impeded P&G's examination of several witnesses at depositions by cutting off entire areas of questioning. These actions, and not anything P&G and the Court did, require the re-opening of discovery.

Moreover, Coca-Cola misleadingly states in its motion that re-opening discovery will "force a broad disclaimer of attorney-client information" to defend against an allegation of willful infringement. (Coca-Cola Br. at 2.) In fact, as Coca-Cola well knows, it has a ***choice*** whether or not to assert the reliance of counsel defense and therefore waive the attorney-client privilege.[4]   Therefore, it is clear that the re-opening of discovery for the limited purpose of

---

[4]   Current Federal Circuit precedent holds that a party to litigation may withhold disclosure of the advice given by its counsel, though this assertion of privilege with respect to infringement and validity opinions of counsel may support the drawing of adverse inferences. *See Knorr-Bremse System Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 344 F.3d 1336, 1336 (Fed. Cir. 2003); *Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001).

exploring the new claims contained in the Second Amended Complaint will not cause unwarranted prejudice to Coca-Cola.

### C.   P&G May Be Prejudiced If The Court Does Not Re-Open Discovery

Contrary to Coca-Cola's contention of prejudice, should the Court decide not to re-open discovery to allow P&G to explore its new claims contained in the Second Amended Complaint, P&G, in fact, may be precluded from ever asserting them in this or any other court. *See Glitch, Inc. v. Koch Engineering Co., Inc.*, 216 F.3d 1382, 1384 (Fed. Cir. 2000) (holding that a party whose amended pleadings in an infringement action were denied as untimely was precluded from filing a separate action dealing with those claims). This potential prejudice against P&G further merits the denial of Coca-Cola's Motion.

## IV.   CONCLUSION

WHEREFORE P&G respectfully requests that the Court:

1.   Deny Coca-Cola's Motion For Clarification Of Status Of P&G's Motion For Leave To File Second Amended Complaint and

2.   Re-open discovery to allow P&G to explore its new claims contained in the Second Amended Complaint.

BOSTON 1975362v3

Respectfully submitted,

**THE PROCTER & GAMBLE COMPANY**

By its attorneys,

/s/ Mark A. Vander Laan
Mark A. Vander Laan
Trial Attorney (Reg. No. 0013297)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202-3172
(513) 977-8200

William F. Lee (admitted *pro hac vice*)
David B. Bassett (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: August 31, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2004 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Timothy J. Haller, Esq., NIRO, SCAVONE, HALLER & NIRO, 188 W. Madison, Suite 4600, Chicago, IL 60602 and Ann G. Robinson, Esq., FROST, BROWN & TODD, 2200 PNC Center, 201 East 5th Street, Cincinnati, OH 45202.

/s/ Mark A. Vander Laan
An Attorney For Plaintiff