UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. C-1-02-393 |
| ) | |
| v. ) | Hon. Walter Herbert Rice (Chief Judge) |
| ) | Hon. Sharon Ovington (Magistrate) |
| THE COCA-COLA COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THE COCA-COLA COMPANY'S REPLY TO THE PROCTER & GAMBLE COMPANY'S OPPOSITION TO THE COCA-COLA COMPANY'S MOTION FOR "CLARIFICATION" OF STATUS OF P&G'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

The Coca-Cola Company ("Coca-Cola"), through counsel, respectfully replies to The Procter & Gamble Company's Opposition to The Coca-Cola Company's Motion for "Clarification" of Status of P&G Motion for Leave to File a Second Amended Complaint as follows:

## INTRODUCTION

In its Motion for Clarification, Coca-Cola raised a strictly procedural question: Whether in light of the procedural history and posture of this case, the July 15, 2004 Order should be vacated in light of the fact that there was no previous history of a substantive review by the Court on the issues raised in Procter & Gamble's ("P&G") Second Motion to Amend Its Complaint and Coca-Cola's opposing briefs. For obvious enough, yet nonetheless indefensible motivation, P&G's Opposition to the Motion for Clarification now seeks to erase the procedural posture and history of the case and apparently adopt the position that its motion for a second amended complaint was granted long ago. Of course, nothing in P&G's handling of the case during the

entire period in which it supposedly had the entitlement to pursue a host of new legal theories and patent claims did it ever act consistent with that newly minted version of events.

Thus, the request for clarification submitted by Coca-Cola in response to the July 15, 2004 Order is both timely and appropriate under the circumstances of this case. Nothing in that motion, and certainly nothing fairly inferred from it, could be reasonably ascribed to be a motion for reconsideration under the guise of a different title.

## ARGUMENT

I.  **P&G'S OPPOSITION DOES NOT, AND CANNOT, CONTEST COCA-COLA'S RECOUNT OF THE PROCEDURAL HISTORY OF THIS CASE, AND ACCORDINGLY, THE ISSUE BEFORE THE COURT FOR CLARIFICATION IS AN APPROPRIATE PROCEDURAL QUESTION FOR REVIEW.**

In declining to assert that different facts than those recounted in Coca-Cola's Motion for Clarification either exist or are otherwise germane to the subject matter, P&G effectively concedes that the procedural history as presented to the Court is, in fact, accurate. Hence, the issue to be clarified is, in fact, appropriately before the Court.

Ordinarily, Coca-Cola would not burden the Court in further seeking clarification of an unquestionable electronic docketing error. In its Opposition, however, P&G represented that "the Court now has considered and resolved in P&G's favor *twice*" its Motion for Leave to File a Second Amended Complaint, even though the predicate for the July 15, 2004 Order was the inadvertently issued September 5, 2003 Order.[1] Taking the advocacy to this level simply mischaracterizes the undisputed procedural posture of this case.[2] The record does not support P&G's position.

---

[1] P&G's Opp'n at 1.
[2] *See* Coca-Cola's Mot. for Clarification at 2-3, ¶¶ 2-9.

- "On September 4, 2003, Coca-Cola filed an <u>Unopposed</u> Motion for Enlargement of Time to file its Opposition to P&G's Motion for Leave to File a Second Amended Complaint."

- Although the September 5, 2003 Notation Order granted P&G's Motion for Leave to File a Second Amended Complaint, the next day "the Court's Clerk informed counsel for Coca-Cola that the September 5, 2003 Order was inadvertently issued and was immediately withdrawn." The July 15, 2004 Order, however, refers to the September 5, 2003 Order as being "previously sustained."

- Both the Court and the parties proceeded for the next eleven months under the assumption that the September 5, 2003 Order was vacated by the September 9, 2003 Order granting Coca-Cola's Unopposed Motion for Enlargement of Time to file its Opposition Brief:

    (a) On September 18, 2003, Coca-Cola timely filed its Opposition Brief on September 18, 2003;

    (b) On September 29, 2003, P&G filed its Reply Memorandum;

    (c) On September 23, 2003, the parties completed fact discovery without any request from P&G for a modification to the Scheduling Order to permit discovery on the additional patent claims 12-18 called for by its proposed Second Amended Complaint;

    (d) On October 8, 2003, Coca-Cola filed a Motion for Leave to File Sur-Reply Brief to Respond to a New Issue of Unsettled Law Raised in Plaintiff's Memorandum;

    (e) On October 15, 2003, P&G filed its Opposition to Coca-Cola's Motion for Leave to File Sur-Reply; and

    (f) On April 7, 2004, the parties conducted *Markman* proceedings before this Court without considering the additional patent claims 12-18 identified in P&G's proposed Second Amended Complaint.

In light of this procedural history, no additional fact and expert discovery had been taken regarding the new "concentrate" products based on the newly asserted claims 12-18 of the '847 patent, as well as P&G's new allegations of willful infringement of the '847 patent, until August 6, 2004, three weeks after the July 15, 2004 Order and almost one year after the September 5,

2003 Order.[3] Moreover, the existing Scheduling Order does not call for an additional *Markman* hearing regarding the scope of the newly asserted claims 12-18 of the '847 patent.

## II. THE REAL EFFORT TO ADVANCE YET ANOTHER SUBSTANTIVE ARGUMENT ON AN ISSUE THAT HAS ALREADY RECEIVED FULL BRIEFING COMES IN P&G'S OPPOSITION.

Quite apart from mistaking Coca-Cola's objective in seeking procedural clarification on an ambiguous docket entry occasioned by the July 15, 2004 Order, P&G also used its Opposition as an opportunity to add new substantive arguments to the fully briefed issue of whether good grounds ever existed to support its application for a second amendment to the Complaint, where time had expired under the Scheduling Order. In this Reply, Coca-Cola declines to further burden the record by following suit. Instead, Coca-Cola submits the substantive issue on the briefs the parties have already filed, including the Coca-Cola Opposition, Reply, and Sur-Reply.[4]

---

[3] *Id.* at 4 n.1 (citing the Ferrera letter dated Aug. 6, 2004). *See also* Ex. A, Ferrera letter to Kenyon & Kenyon dated August 6, 2004.

[4] It is important to note that, as predicated, the Federal Circuit, in *Knorr-Bremse Systeme Fuer Nutzfahzeuge GmbH v. Dana Corp.*, Slip Op. 01-1357 (Fed. Cir. Sept. 13, 2004) (*en banc*), has eliminated the adverse inference attached with resisting indiscriminate efforts to wrestle attorney-client and work product information from an alleged patent infringer merely by including a charge of willful infringement in the complaint -- or in this case in an attempt at a second amendment to the complaint. For the Court's convenience, Coca-Cola provides a copy of this decision in the attached Exhibit B.

## CONCLUSION

For the reasons stated in Coca-Cola's Motion for Clarification and for those more fully explained in this Reply, Coca-Cola respectfully requests that the Order of July 15, 2004 be formally vacated to reflect the undisputed procedural posture of this case. To the extent an Oral Hearing would assist the Court in clarifying the procedural record, Coca-Cola also respectfully requests such a Hearing at the Court's earliest convenience.

Dated: September 15, 2004

Respectfully submitted,

**Of Counsel:**

Donald R. Dunner, Esq.
Gerald F. Ivey, Esq.
Christopher P. Isaac, Esq.
Robert L. Burns, Esq.
Christopher W. Day, Esq.
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W., Suite 700
Washington, DC 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Michael J. Kline, Esq.
Michael V. Kruljac, Esq.
THE COCA-COLA COMPANY
P.O. Box 1734
Atlanta, GA 30301
Telephone: (404) 676-3162
Facsimile: (404) 676-7636

/s/ Roger J. Makley
 Roger J. Makley
 Trial Attorney (Reg. No. 0018702)
 COOLIDGE, WALL, WOMSLEY &
  LOMBARD CO., L.P.A.
 33 West First Street, Suite 600
 Dayton, OH 45402
 Telephone: (937) 223-8177
 Facsimile: (937) 223-6705
 E-mail: makley@coollaw.com

COUNSEL FOR DEFENDANT AND
COUNTERCLAIM-PLAINTIFF
THE COCA-COLA COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing, THE COCA-COLA COMPANY'S REPLY TO PROCTER & GAMBLE COMPANY'S OPPOSITION TO THE COCA-COLA COMPANY'S MOTION FOR "CLARIFICATION" OF STATUS OF P&G'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT was served on this 15th day of September 2004, via Facsimile to Plaintiff's counsel:

| | |
|---|---|
| Mark A. Vander Laan | William F. Lee |
| Dinsmore & Shohl L.L.P. | David B. Bassett |
| 1900 Chemed Center | Vinita Ferrera |
| 255 East Fifth Street | Wilmer, Cutler, Pickering |
| Cincinnati, OH 45202-3172 | Hale and Dorr LLP |
| (513) 977-8200 | 60 State Street |
| | Boston, MA 02109 |
| | (617) 526-6000 |

/s/ Robert L. Burns
Robert L. Burns