# United States Court of Appeals for the Federal Circuit

01-1357, -1376, 02-1221, -1256

KNORR-BREMSE SYSTEME FUER NUTZFAHRZEUGE GMBH,

Plaintiff-Cross Appellant,

v.

DANA CORPORATION,

Defendant-Appellant,

and

HALDEX BRAKE PRODUCTS CORPORATION,
and HALDEX BRAKE PRODUCTS AB,

Defendants-Appellants.

DYK, Circuit Judge, concurring-in-part and dissenting-in-part.

I join the majority opinion insofar as it eliminates an adverse inference (that an opinion of counsel would be unfavorable) from the infringer's failure to disclose or obtain an opinion of counsel. I do not join the majority opinion to the extent that it may be read as reaffirming that "where, as here, a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing." Maj. Op., ante, at 7 (quoting Underwater Devices, Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389 (Fed. Cir. 1983)).

There is a substantial question as to whether the due care requirement is consistent with the Supreme Court cases holding that punitive damages can only be awarded in situations where the conduct is reprehensible. See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); BMW of N. Am., Inc. v. Gore, 517

U.S. 559 (1996) ("Gore"). While the majority properly refrains from addressing this constitutional issue, as it has not been briefed or argued by the parties or amici in this case, I write separately to note my view that enhancing damages for failure to comply with the due care requirement cannot be squared with those recent Supreme Court cases.

I

We have often recognized that enhanced damages awarded pursuant to 35 U.S.C. § 284 are a form of punitive damages. See, e.g., Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996) ("[E]nhanced damages are punitive, not compensatory.").4 Punitive damages are awarded to punish reprehensible behavior, referred to in this context as willful infringement. "Enhancement . . . depends on a showing of willful infringement or other indicium of bad faith warranting punitive damages." Id.; see also Nat'l Presto Indus., Inc. v. West Bend Co., 76 F.3d 1185, 1192 (Fed. Cir. 1996) ("Liability for willfulness of infringement turns on considerations of intent, state of mind, and culpability."); Beatrice Foods Co. v. New Eng. Printing & Lithographing Co., 923 F.2d 1576, 1579 (Fed. Cir. 1991) ("Under our cases, enhanced damages may be awarded only as a penalty for an infringer's increased culpability, namely willful infringement or bad faith.").

---

4   This case, of course, does not involve an award of enhanced damages, but rather an award of attorney fees based on a willfulness finding. The majority correctly rejects the contention that an award of attorney fees pursuant to 35 U.S.C. § 285 is a form of punitive damages. See Maj. Op., ante, at 13-14. While attorney fees are not punitive damages, our case law makes clear that, where attorney fees are awarded based on a willfulness finding, the same standard for willfulness applies to both enhancement and attorney fees. See, e.g., Golight, Inc. v. Wal-Mart Stores, Inc., 355 F.3d 1327, 1340 (Fed. Cir. 2004). Thus, while it might not be unconstitutional to award attorney fees on a due care theory, if we were to restrict the award of enhanced

There are many circumstances that may create an appropriate predicate for a finding of willful infringement, and hence punitive damages, including deliberate copying, concealing infringing activity, infringement where the infringer knows that it is infringing or where it knows it has only frivolous defenses, infringement designed to injure a competitor, etc. We have appropriately held that such activity is reprehensible and that enhanced damages may be awarded in such circumstances. See, e.g., Hoechst Celanese Corp. v. BP Chems. Ltd., 78 F.3d 1575, 1583 (Fed. Cir. 1996) ("Willful infringement is . . . a measure of reasonable commercial behavior in the context of the tort of patent infringement. The extent to which the infringer disregarded the property rights of the patentee, the deliberateness of the tortious acts, or other manifestations of unethical or injurious commercial conduct, may provide grounds for a finding of willful infringement and the enhancement of damages."); L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1127 (Fed. Cir. 1993) (reversing the district court's ruling that infringement was not willful because the infringer's "deliberate copying was strong evidence of willful infringement, without any exculpatory evidence to balance the weight"); Read Corp. v. Portec, Inc., 970 F.2d 816, 827 (Fed. Cir. 1992) (including "[w]hether defendant attempted to conceal its misconduct" as a factor to be considered in enhancing damages); Kaufman Co. v. Lantech, Inc., 807 F.2d 970, 978-79 (Fed. Cir. 1986) (affirming the district court's finding of willfulness based on the district court's findings that the infringer "faithfully copied the claimed invention, took an untenable position regarding validity of the patent, and presented a frivolous defense of noninfringement" (emphasis added)).

---

damages, an award of attorney fees on a willfulness theory would also be restricted because the same standard applies to both.

But a potential infringer's mere failure to engage in due care is not itself reprehensible conduct. To hold that it is effectively shifts the burden of proof on the issue of willfulness from the patentee to the infringer, which must show that its infringement is not willful by showing that it exercised due care. While the duty of care is only one factor in the determination of enhanced damages, no one can seriously doubt that, both in the minds of the jurors (in determining willfulness) and in the decision of the district court (concerning enhancement), the duty of care is by far the preeminent factor in the vast majority of cases.

II

The duty of care requirement finds no support in the patent damages statute, the legislative history, or Supreme Court opinions. The enhancement statute merely provides that "the court may increase the damages up to three times the amount found [by the jury] or assessed [by the court]." 35 U.S.C. § 284 (2000). No other mention is made of enhancement, willful infringement, or a duty of care. The present statute, which was enacted in 1952, simply "consolidates the provisions relating to damages" from the previous version of the patent law. S. Rep. No. 82-1979, at 29 (1952); H.R. Rep. No. 82-1923, at 29 (1952). The previous version of the statute – in effect since 1836 – provided that courts can enhance damages "according to the circumstances of the case."[5] Our attention has been directed to no meaningful legislative history for the current statute or the earlier statutes.

---

5   The Patent Act of 1870 provided:

> [W]henever in any [patent infringement] action a verdict shall be rendered for the plaintiff, the court may enter judgment thereon for any sum above the amount found by the verdict as the actual damages sustained,

Nor does any of the few Supreme Court cases interpreting section 284 provide any basis for a duty of care. Indeed, they appear to limit enhanced damages to cases of "willful or bad-faith infringement," <u>Aro Mfg. Co. v. Convertible Top Replacement Co.</u>, 377 U.S. 476, 508 (1964) (stating that the patentee "could in a case of willful or bad-faith infringement recover punitive or 'increased' damages under the statute's trebling provision"), or "wanton or malicious" injury, <u>Seymour v. McCormick</u>, 57 U.S. 480, 489 (1853) ("It is true, where the injury is wanton or malicious, a jury may inflict vindictive or exemplary damages, not to recompense the plaintiff, but to punish the defendant."). Furthermore, the entire provenance of the due care requirement is dictum in earlier regional circuit cases. <u>See</u> <u>Milgo Elec. Corp. v. United Bus. Communications, Inc.</u>, 623 F.2d 645, 666 (10th Cir.), <u>cert. denied</u>, 449 U.S. 1066 (1980); <u>Coleman Co. v. Holly Mfg. Co.</u>, 269 F.2d 660, 666 (9th Cir. 1959).

### III

Whatever justification there may have been for the due care approach in the past, that doctrine has been undermined by the decisions of the Supreme Court beginning in 1996, which have limited the award of punitive damages on due process grounds. <u>See, e.g.</u>, <u>State Farm</u>, 538 U.S. at 416-18; <u>Gore</u>, 517 U.S. at 568. The Supreme Court first held in <u>Gore</u> that an award of punitive damages can violate the Due

---

> according to the circumstances of the case, not exceeding three times the amount of such verdict, together with the costs.

Ch. 230, § 59, 16 Stat. 198, 207 (1870). The Patent Act of 1836 likewise provided:

> [I]t shall be in the power of the court to render judgment for any sum above the amount found by such verdict as the actual damages sustained by the plaintiff, not exceeding three times the amount thereof, according to the circumstances of the case, with costs . . . .

Process Clause,6 stating that "[p]erhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." 517 U.S. at 575. The Court stated:

> There is no evidence that BMW acted in bad faith when it sought to establish the appropriate line between presumptively minor damage and damage requiring disclosure to purchasers. . . . In this regard, it is also significant that there is no evidence that BMW persisted in a course of conduct after it had been adjudged unlawful on even one occasion, let alone repeated occasions.
> Finally, the record in this case discloses no deliberate false statements, acts of affirmative misconduct, or concealment of evidence of improper motive . . . .

Id. at 579. The Court further explained the importance of reprehensibility to an award of punitive damages in State Farm, making clear that reprehensibility is indispensable to a punitive damages award:

> [P]unitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

Id. at 419. Thus, even where the damages multiple is within accepted bounds, the Court has required a finding of reprehensibility as a predicate to an award of punitive damages. Patent law is not an island separated from the main body of American jurisprudence. The same requirement of reprehensibility restricts an award of enhanced damages in patent cases as in other cases. When an infringer merely fails to exercise his supposed duty of care, there are "none of the circumstances ordinarily

---

Ch. 357, § 14, 5 Stat. 117, 123 (1836).
6   The Court had previously held in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), that punitive damage awards can violate the Due Process Clause, but the particular damage award in Haslip did not violate that clause. Id. at 18-19.

associated with egregiously improper conduct" that could be sufficiently reprehensible to warrant imposition of punitive damages, as in Gore. 517 U.S. at 580.[7]

V

Finally, in my view, the imposition of the due care requirement has produced nothing of benefit to the patent system. In cases where the potential infringer has been guilty of deliberate copying, concealment of infringement, or other reprehensible conduct, enhanced damages serve a useful purpose. But where such reprehensible conduct is absent, it is unnecessary to stretch the law of punitive damages to protect the patentee because the patentee can secure a preliminary injunction once he has learned of infringement. If the patentee is unable to secure a preliminary injunction because he cannot make a clear showing of likelihood of success on the merits (the accused infringer having a substantial defense, see, e.g., Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd., 357 F.3d 1319, 1325 (Fed. Cir. 2004); Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350-51 (Fed. Cir. 2001)), there is no reason the patentee should be able to secure punitive damages based merely on a showing of lack of "due care" by the accused infringer during the pendency of the litigation.

Second, the due care requirement exists in the context of patent law that is complex, where ultimate outcomes are difficult to predict, and, as the majority holds, the

---

7    The imposition of treble damages by a court based on a lack of due care by an infringer is unlike such an imposition for violations of the Sherman Act or for intentional use of a counterfeit mark in violation of the Lanham Act, where damages are automatically trebled pursuant to statute, based on a congressional judgment that the conduct is per se reprehensible. See 15 U.S.C. § 15(a) (2000); 15 U.S.C. § 1117(b) (2000). Here, significantly and unlike in those situations, there is no judgment by Congress that infringement is per se reprehensible conduct requiring automatic trebling.

existence of a substantial defense on the merits will not bar a finding of willfulness. See Maj. Op., ante, at 14. As the amici point out, the due care requirement has fostered a reluctance to review patents for fear that the mere knowledge of a patent will lead to a finding of lack of due care, see, e.g., Amici Curiae Br. of U.S. Council for Int'l Bus. et al. at 9 n.4; a cottage industry of window-dressing legal opinions by third party counsel designed to protect the real decision-making process between litigating counsel and the company's executives, see, e.g., id. at 9; the imposition of substantial legal costs on companies seeking to introduce innovative products, see, e.g., Amicus Curiae Br. of Sec. Indus. Ass'n at 9-11; and an enhanced ability of holders of dubious patents to force competitors' products off of the market through the threat of enhanced damages, see, e.g., id. at 5-6. These concerns have led amici,[8] the Federal Trade Commission working group,[9] and a committee of the National Academies,[10] to urge us to reconsider our willfulness jurisprudence.

The majority opinion here ameliorates these concerns to some very limited extent by eliminating the inference that an undisclosed or unobtained opinion of counsel

---

[8] See, e.g., Br. for Amicus Curiae Am. Intellectual Prop. Law Ass'n at 6-8; Br. for Amicus Curiae N.Y. Intellectual Prop. Law Ass'n at 9-11.

[9] See, e.g., Federal Trade Comm'n, To Promote Innovation: The Proper Balance of Competition and Patent Law and Policy, ch. 5, at 31 (2003), available at http://www.ftc.gov/os/2003/10/innovationrpt.pdf ("The Commission recommends that legislation be enacted requiring either actual, written notice of infringement from the patentee or deliberate copying of the patentee's invention, knowing it to be patented, as a predicate for willful infringement."). See generally id. at 28-31.

[10] See, e.g., Comm. on Intellectual Prop. Rights in the Knowledge-Based Economy, The National Academies, A Patent System for the 21st Century 119 (Stephen A. Merrill et al. eds., 2004), available at http://www.nap.edu/html/patentsystem/ 0309089107.pdf ("Lacking evidence of its beneficial deterrent effect but with evidence of its perverse anti-disclosure consequences, the committee recommends elimination of the provision

was or would have been adverse. But the majority opinion does not address whether a potential infringer can satisfy the requirement of due care without securing and disclosing an opinion of counsel, or, if such an opinion is not absolutely required, whether an adverse inference can be drawn from the accused infringer's failure to obtain and disclose such an opinion. More fundamentally, the opinion does not address whether the due care requirement, whatever its parameters, is consistent with the Supreme Court's punitive damages jurisprudence.

I would recognize that the due care requirement is a relic of the past and eliminate it as a factor in the willfulness and enhancement analysis.

---

for enhanced damages based on a subjective finding of willful infringement."). See generally id. at 118-20.