THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>THE COCA-COLA COMPANY,<br><br>Defendant/Counterclaim-Plaintiff. | CIVIL ACTION NO. C-1-02-393<br>Judge Walter Herbert Rice<br>Magistrate Judge Sharon Ovington |

**THE PROCTER & GAMBLE COMPANY'S MOTION
TO FILE MATERIALS UNDER SEAL**

Pursuant to Local Rule 79.3 and the Stipulation And Protective Order the Court entered on March 18, 2003 (the "Protective Order"), plaintiff The Procter & Gamble Company ("P&G") requests that the Court place the following documents under seal:

- P&G's Motion For Partial Summary Judgment On Coca-Cola's Defense Of Equitable Estoppel;

- P&G's Memorandum Of Law In Support Of Its Motion For Partial Summary Judgment On Coca-Cola's Defense Of Equitable Estoppel; and

- Declaration Of Vinita Ferrera, Esq., In Support Of &G's Motion For Partial Summary Judgment On Coca-Cola's Defense Of Equitable Estoppel (with attached exhibits).

As grounds for the motion, Pause Technology states as follows:

1. Under the terms of the Protective Order, any court filings that contain material designated as "Confidential," "Highly Confidential," or "Highly Confidential/Outside Counsel Only" by either party shall be filed in a sealed envelope according to Local Rules, along with a motion to seal. *See* Protective Order at ¶ 11.

2. The aforementioned documents contain and refer to documents produced during discovery, deposition transcripts, and information that both P&G and defendant The Coca-Cola Company ("Coca-Cola") have designated as "Confidential," "Highly Confidential," and/or "Highly Confidential/Outside Counsel Only" under the terms of the Protective Order. *See* Protective Order ¶¶ 1-2.

3. The aforementioned documents are filed in a sealed envelope bearing the case caption, a description of the enclosed documents, and the legend: "Highly Confidential/Outside Counsel Only and Confidential Information Subject To Protective Order. Not to Be Opened Except By Order Of The Court".

4. Counsel for P&G has left several messages for counsel for Coca-Cola to obtain their assent to this motion but have been unable to reach them.

5. A draft order is filed contemporaneously herewith.

WHEREFORE, P&G requests leave to file the aforementioned documents under seal.

                Respectfully submitted,

                /s/ Mark A. Vander Laan
                Mark A. Vander Laan
                Trial Attorney (Reg. No. 0013297)
                Dinsmore & Shohl LLP
                1900 Chemed Center
                255 East Fifth Street
                Cincinnati, OH 45202-3172
                (513) 977-8200
                *Counsel for Plaintiff Procter & Gamble Company*

Of Counsel:
William F. Lee (admitted *pro hac vice*)
David B. Bassett (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated:  December 30, 2004

## LOCAL RULE 7.3(b) CERTIFICATION

I, Benjamin M. Stern, Esq., counsel for the plaintiff The Procter & Gamble Company in this case, hereby certify that on December 29, 2004 I left several messages for Robert L. Burns, Esq. and Gerald F. Ivy, Esq., counsel for the defendant The Coca-Cola Company, in an attempt to resolve the issues raised by the instant motion but was unable to reach them.

/s/ Benjamin M. Stern
Benjamin M. Stern

## Certificate of Service

I, Mark A. Vander Laan, hereby certify that on this 30th day of December, 2004, a true and correct copy of the above document was served by the court's electronic filing system and overnight mail upon Roger J. Makley, Esq., Coolidge Wall Womsley & Lombard, Ste. 600, 33 West First Street, Dayton, Ohio 45402-1289, and Robert Burns, Esq., Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Two Freedom Square, 11955 Freedom Drive, Reston, Virginia 20190-5675.

/s/ Mark A. Vander Laan
Mark A. Vander Laan