UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) <br> ) <br> Plaintiff/Counterclaim- ) <br> Defendant, ) <br> v. ) <br> ) <br> THE COCA-COLA COMPANY, ) <br> ) <br> Defendant/Counterclaim- ) <br> Plaintiff. ) | CIVIL ACTION NO. C-1-02-393 <br><br> Chief Judge Walter Herbert Rice <br> Hon. Sharon L. Ovington (Magistrate) |

**THE PROCTER & GAMBLE COMPANY'S RESPONSE IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I.   INTRODUCTION**

In its Sur-Reply to P&G's Motion for Leave to File Second Amended Complaint ("Sur-Reply"), The Coca-Cola Company ("Coca-Cola") contends that Procter & Gamble Company ("P&G") now lacks a good faith basis to make a willful infringement allegation in light of the Federal Circuit's recent decision in *Knorr-Bremise Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) – a decision that eliminated the well-established rule that a party's refusal to produce its opinion of counsel automatically required the finder-of-fact to apply an "adverse inference" to that refusal. Coca-Cola is wrong. The mere fact that Coca-Cola sought an opinion of counsel concerning the patent-in-suit – a fact that *Knorr* explicitly recognized as "part of the totality of the circumstances relevant to the question of willful infringement," *id.* at 1347 – ***alone*** provides P&G with a sufficient basis to allege willfulness.[1]

---

[1]   P&G has long sought discovery directed to this issue, but Coca-Cola and its patent counsel have refused to respond pending the Court's ruling on the present motion. If the Court allows P&G to amend its complaint to assert willful infringement, P&G expects to explore whether additional facts further support its new allegations.

Accordingly, the Court should allow P&G to amend its complaint to add an allegation that Coca-Cola's infringement is willful.

Nor do Coca-Cola's new arguments preclude the Court from allowing P&G's separate request to amend its complaint to identify additional products accused in this lawsuit. This distinct request has nothing do with issues of willful infringement. Rather, for the reasons set forth in P&G's earlier papers, such an amendment is necessary to prevent Coca-Cola from continuing its improper withholding of documents and information based on an unreasonably narrow reading of the complaint as it presently stands.

## II. P&G HAS EVIDENCE TO SUPPORT A WILLFUL INFRINGEMENT CLAIM, DESPITE THE FEDERAL CIRCUIT'S DECISION IN *KNORR*.

At the time P&G filed its present motion, the law was clear: Coca-Cola's refusal to produce its opinion of counsel directed to the patent-in-suit entitled P&G to a jury instruction that the withheld opinion contained statements adverse to Coca-Cola's position. *See, e.g., L.A. Gear v. Thom. McAn Shoe Co.*, 988 F.2d 1117, 1126 (Fed. Cir. 1993). In September 2004, however, the Federal Circuit overruled this long-standing precedent by eliminating the automatic adverse inference to which P&G previously was entitled. *See Knorr*, 383 F.3d at 1342.

Nevertheless, the reach of *Knorr* is limited. For example, the decision made no changes to other long-standing precedent holding that a party's decision to seek an opinion is in itself "an important factor in determining the willfulness of infringement." *Ortho Pharma. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992). Indeed, the Federal Circuit explicitly acknowledged in *Knorr* that its decision did not decide "whether the trier of fact, particularly a jury, can or should be told whether or not counsel was consulted (albeit without any inference as to the nature of the advice received) as part of the totality of the circumstances relevant to the question of willful

infringement." *Id.* at 1346-47. Accordingly, although *Knorr* eliminated the assessment of an automatic adverse inference against Coca-Cola, it did nothing to preclude P&G from proving its willfulness case though other pertinent evidence, including the fact that Coca-Cola sought an opinion of counsel after learning about the patent-in-suit.

At bottom, P&G essentially is in the same position as it was before *Knorr*. With or without an adverse inference, Coca-Cola's decision to seek an opinion of counsel alone provides a sufficient factual basis upon which P&G may assert a claim for willful infringement. At minimum, P&G is entitled to present this evidence to a jury for consideration as part of the inquiry into the totality of the circumstances underlying whether Coca-Cola's infringement is willful. *See Knorr* at 383 F.3d at 1346-47; *Ortho Pharma.*, 959 F.2d at 944.

### III. P&G SOUGHT TO ADD ITS WILLFULNESS ALLEGATIONS IN A TIMELY MANNER.

Coca-Coca's Sur-Reply appears to suggest that P&G failed to make its allegations of willful infringement in a timely manner because P&G's discovery of Coca-Cola's opinion of counsel, and Coca-Cola's subsequent refusal to produce that opinion on attorney-client privilege grounds, were mere "procedural" events. (Sur-Reply at 3-4.) This argument lacks merit. P&G's unexpected discovery of the existence of the legal opinion represented a new *fact* that, for the first time, provided P&G with an adequate basis to allege willfulness. P&G should not be punished for its eminently sensible decision to wait until it obtained that discovery – directed to the intensely factual inquiry into Coca-Cola's state of mind – **before** making serious allegations of willful infringement. (*See* P&G Opening Mem. at 2 and 5; P&G's Reply Mem. at 2-4.)

P&G's actions in this case stand in sharp contrast to the unfortunate practice of reflexively including blanket allegations of willful infringement in a party's opening pleading.

(*See* Coca-Cola Answering Mem. at 7 ("there is no denying the fact that willful infringement counts are often thrown into complaints because they accomplish this purpose [inspecting the adversary's privileged communications] without any corresponding requirement to plead the charge with specificity").) Unlike Coca-Cola, P&G does not believe that it should be penalized for eschewing this regrettably common practice.

## III.   CONCLUSION

For the foregoing reasons, and those stated in P&G's Opening Brief and Reply Brief, P&G requests that the Court allow its Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

**THE PROCTER & GAMBLE COMPANY**

By its attorneys,

 /s/ Mark A. Vander Laan
Mark A. Vander Laan
Trial Attorney (Reg. No. 0013297)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH  45202-3172
(513) 977-8200

William F. Lee (admitted *pro hac vice*)
David B. Bassett (admitted *pro hac vice*)
Vinita Ferrera (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated:  March 28, 2005

- 4 -

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been duly served via e-mail by the Court's Electronic System this 28th day of March, 2005 upon the following:

| | |
|---|---|
| Roger J. Makley, Esq.<br>Coolidge, Wall, Womsley & Lombard Co., L.P.A.<br>33 West First Street, Suite 600<br>Dayton, OH 45402 | Robert L. Burns, Esq.<br>Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, VA 20190-5675 |

                                               /s/ Mark A. Vander Laan