UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Western Division*

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, )<br>)<br>Plaintiff/Counterclaim- )<br>Defendant, )<br>)<br>v. )<br>)<br>THE COCA-COLA COMPANY, )<br>)<br>Defendant/Counterclaim- )<br>Plaintiff. )<br>) | Civil Action No. C-1-02-393<br><br>Hon. Walter Herbert Rice<br>Hon. Sharon L. Ovington (Magistrate) |

**THE COCA-COLA COMPANY'S LIMITED REPLY TO THE
PROCTER & GAMBLE COMPANY'S RESPONSE IN FURTHER SUPPORT
OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

The Coca-Cola Company ("Coca-Cola"), through counsel, respectfully replies to The Procter & Gamble Company's ("P&G") Response in Further Support of its Motion for Leave to File Second Amended Complaint. Regarding the impact of the *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*[1] decision on its motion, P&G purports to apply the Federal Circuit's holding, but misstates the substance and scope of the opinion. In offering this Reply, Coca-Cola limits its points to matters on which it has not had a previous opportunity to comment.

---

[1] 383 F.3d 1337 (Fed. Cir. Sept. 13, 2004).

## ARGUMENT

I. *KNORR-BREMSE* DOES NOT "EXPLICITLY" RECOGNIZE THAT THE MERE FACT THAT A PARTY SEEKS AN OPINION OF COUNSEL SERVES IN AND OF ITSELF AS GROUNDS TO ASSERT A CLAIM OF WILLFUL INFRINGEMENT.

Contrary to the proposition advanced in the P&G Response, *Knorr-Bremse* simply does not hold that the existence of legal advice is "alone" enough to support a claim of willful infringement. A more careful reading of the cited portion of the *Knorr-Bremse* opinion reveals that, having eliminated the routine imposition of an adverse inference instruction to be given whenever a defendant's opinions of counsel are not disclosed, the Federal Circuit deferred entirely the theoretical question of whether the trier of fact should be informed of the presence of legal advice:

> "That aspect is not raised by this case, was not before the district court, and has not been briefed on this appeal. Today we resolve <u>only</u> the question of whether adverse inferences of unfavorable opinions can be drawn, and hold that they can not."[2]

This is hardly a definitive endorsement of P&G's suggestion that the presence or absence of legal advice is alone sufficient to support its allegation of willfulness.

While P&G is still attempting to use the mere existence of privileged communications as self-sufficient support for a willfulness allegation, to the extent such an analysis ever found a rational basis in decisional authority, that line of analysis is no longer applicable. *Knorr-Bremse* signals a <u>departure</u> by the Federal Circuit from the "conceptual underpinnings" of its previous practice – anomalous in other areas of the law – of routinely inquiring into the event and nature of attorney-client communications in front of the jury to advance allegations of willfulness or

---

[2]   *Id.* at 1347 (emphasis added).

actual malice.[3] The fact, however, that legal advice occurred or that its confidentiality has been invoked is not "evidence" of anything, in the first instance, let alone substantive evidence of willfulness.[4]

II. **ANY CASES DECIDED PRIOR TO THE *KNORR-BREMSE* DECISION WHICH LOOK FAVORABLY UPON INVASIONS OF THE ATTORNEY-CLIENT PRIVILEGE WITHIN THE CONTEXT OF ALLEGATIONS OF WILLFUL INFRINGEMENT SHOULD BE CONSIDERED HIGHLY SUSPECT AND REJECTED.**

The attorney-client privilege is one of the oldest and most essential cornerstones of the American judicial system. The importance of confidentiality in the attorney-client relationship serves the compelling interests of enabling parties to vindicate legal rights and comply with obligations under the law by seeking competent legal advice. For the process to function properly, it is beyond argument that a client who consults a lawyer needs to disclose all the facts to the lawyer and must be able to receive, in return, communications from the lawyer reflecting the entirety of the facts and the attorney's uncensored assessments of the client's causes, legal positions, defenses, and potential litigation strategies. The confidentiality of attorney-client communications is critical to the relationship.

When *Knorr-Bremse* overruled a nearly twenty-year-old trend in Federal Circuit law and removed the adverse inference attached with resisting indiscriminate efforts to wrestle attorney-client and work product communications from an alleged patent infringer merely by including a charge of willful infringement in a case, it took an important step towards correcting an anomaly in civil discovery and evidence law that existed only in patent litigation. There is no rational basis to dispute that the use of adverse inferences in patent litigation led to rather obvious

---

[3] *Id.* at 1343-44. The concepts of willfulness, actual malice, and intentional misconduct are all contingent upon inquiry into state of mind. A defendant can waive attorney-client privilege by asserting advice of counsel as a defense, but that election is the defendant's to make.

[4] *See* Coca-Cola's Sur-Reply Br. at 3-4, nn.10-11.

distortions of the application of the rules of discovery and evidence, and imposed unnecessary and counterproductive impediments on the attorney-client relationship. P&G's reliance upon *Ortho Pharma Corp. v. Smith*[5] is misplaced in this regard because *Knorr-Bremse* rejected the "conceptual underpinnings" of that prior precedent.[6] *Knorr-Bremse* should therefore be considered corrective of a discredited approach to the attorney-client relationship, not as an endorsement of prior case law.

Thus, the question of whether P&G has, in this case, identified good grounds for its belated attempt to amend the Complaint to include a charge of willful infringement does not turn upon dated case citations, which reflexively included the presence or absence of attorney-client consultations as a factor in determining willful infringement. In short, no reliance should be placed on *Ortho Pharma* as a basis for allowing an automatic amendment to P&G's Complaint.

---

[5]    959 F.2d 936, 944 (Fed. Cir. 1992).
[6]    *See Knorr-Bremse*, 383 F.3d at 1343-44 (discussing *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983)); *Ortho Pharma,* 959 F.2d at 944 (Fed. Cir. 1992) (citing *Underwater Devices*, 717 F.2d at 1390).

## CONCLUSION

For the reasons previously stated, Coca-Cola respectfully requests that this Honorable Court reject P&G's Motion for Leave to File a Second Amended Complaint for failure to meet FED. R. CIV. P. 15 and 16(b)'s "good cause" requirement to modify the scheduling Order.

Dated: April 4, 2005

By: /s/Roger J. Makley
Roger J. Makley
Trial Attorney (Reg. No. 0018702)
COOLIDGE, WALL. WOMSLEY & LOMBARD
33 West First Street, Suite 600
Dayton, Ohio 45402
Telephone:   (937) 223-8177
Facsimile:   (937) 223-6705
E-mail:   makley@coollaw.com

Donald R. Dunner, Esq. (admitted *pro hac vice*)
Gerald F. Ivey, Esq. (admitted *pro hac vice*)
Christopher P. Isaac, Esq. (admitted *pro hac vice*)
Robert L. Burns, Esq. (admitted *pro hac vice*)
Christopher W. Day, Esq. (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001-4413
Telephone:   (202) 408-4000
Facsimile:   (202) 408-4400

Michael J. Kline, Esq.
Michael V. Kruljac, Esq.
The Coca-Cola Company
P.O. Box 1734
Atlanta, GA 30301
Telephone:   (404) 676-3162
Facsimile:   (404) 676-7636

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of THE COCA-COLA COMPANY'S LIMITED REPLY TO THE PROCTER & GAMBLE COMPANY'S RESPONSE IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT was served on this 4th day of April, 2005, via e-mail by the Court's Electronic System to Plaintiff's counsel:

| | |
|---|---|
| Mark A. Vander Laan | William F. Lee |
| Dinsmore & Shohl L.L.P. | David B. Bassett |
| 1900 Chemed Center | Vinita Ferrera |
| 255 East Fifth Street | Wilmer Cutler Pickering Hale and Dorr LLP |
| Cincinnati, Ohio 45202-3172 | 60 State Street |
| (513) 977-8200 | Boston, Massachusetts 02109 |
| | (617) 526-6000 |

/s/Roger J. Makley
Roger J. Makley